1

HONORABLE BENJAMIN H. SETTLE

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                    AT TACOMA

8

9    SAFETY STAR, LLC, a Missouri limited        Case No. 2:23-cv-01399-BHS
     liability company,

10          Plaintiff,                           DEFENDANT APTIBYTE, LLC'S
                                                 ANSWER AND AFFIRMATIVE
11   v.                                          DEFENSES

12   APTIBYTE, LLC, a Washington limited
     liability company,
13
            Defendant.
14

15          Defendant Aptibyte, LLC hereby answers the Complaint filed by Plaintiff Safety Star,

16   LLC, as follows.

17                          **I.      PARTIES**

18          1.      Aptibyte does not have knowledge or information sufficient to form a belief as to

19   the truth of the allegations set forth in paragraph 1 of the Complaint, and, therefore, denies the

20   same.

21          2.      Aptibyte denies that its principal place of business is at 10013 NE Hazel Dell

22   Ave., # 212, Vancouver, WA 98685-5203. Aptibyte admits the remaining allegations set forth in

23   paragraph 2 of the Complaint.

24          3.      Aptibyte admits the allegations set forth in paragraph 3 of the Complaint.

25          4.      Aptibyte denies the allegations set forth in paragraph 4 of the Complaint.

26                          **II.      JURISDICTION AND VENUE**

27          5.      Paragraph 5 of the Complaint contains legal conclusions for which no response is

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
(Case No. 2:23-cv-01399-BHS) – 1

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

needed. To the extent a response is required, Aptibyte admits that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338. Aptibyte denies that the Complaint alleges any "claims for unfair competition under state law." Except as specifically admitted, Aptibyte denies the remaining allegations of paragraph 5 of the Complaint.

6.     Paragraph 6 of the Complaint contains legal conclusions for which no response is needed. To the extent a response is required, Aptibyte does not have knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, and, therefore, denies the same.

7.     Paragraph 7 of the Complaint contains legal conclusions for which no response is needed. To the extent a response is required, Aptibyte admits that venue is proper in this Court. Except as specifically admitted, Aptibyte denies the remaining allegations of paragraph 7 of the Complaint.

### III.     FACTUAL BACKGROUND

8.     Aptibyte does not have knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and, therefore, denies the same.

9.     Aptibyte does not have knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and, therefore, denies the same.

10.     Aptibyte does not have knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and, therefore, denies the same.

11.     Aptibyte does not have knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and, therefore, denies the same.

12.     Aptibyte does not have knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and, therefore, denies the

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

1    same.

2        13.    Aptibyte does not have knowledge or information sufficient to form a belief as to

3    the truth of the allegations set forth in paragraph 13 of the Complaint, and, therefore, denies the

4    same.

5        14.    Aptibyte does not have knowledge or information sufficient to form a belief as to

6    the truth of the allegations set forth in paragraph 14 of the Complaint, and, therefore, denies the

7    same.

8        15.    Aptibyte does not have knowledge or information sufficient to form a belief as to

9    the truth of the allegations set forth in paragraph 15 of the Complaint, and, therefore, denies the

10   same.

11       16.    Aptibyte does not have knowledge or information sufficient to form a belief as to

12   the truth of the allegations set forth in paragraph 16 of the Complaint, and, therefore, denies the

13   same.

14       17.    Aptibyte admits that Safety Star attaches two trademark registration certificates to

15   its Complaint, that those certificates speak for themselves, and that one of the certificates

16   identifies an individual – not Safety Star – as the owner of the mark. Aptibyte does not have

17   knowledge or information sufficient to form a belief as to the truth of the remaining allegations

18   set forth in paragraph 17 of the Complaint, and, therefore, denies the same.

19       18.    Paragraph 18 of the Complaint contains legal conclusions for which no response

20   is needed.

21       19.    Aptibyte denies any "infringing use" of the "B-SAFE Trademarks" that Safety

22   Star purports to own. Aptibyte does not have knowledge or information sufficient to form a

23   belief as to the truth of the remaining allegations set forth in paragraph 19 of the Complaint, and,

24   therefore, denies the same.

25       20.    Aptibyte does not have knowledge or information sufficient to form a belief as to

26   the truth of the allegations set forth in paragraph 20 of the Complaint, and, therefore, denies the

27   same.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
(Case No. 2:23-cv-01399-BHS) – 3

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

21.     Aptibyte denies any "confusingly similar use" of the "B-SAFE Trademarks" that Safety Star purports to own. Aptibyte does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 21 of the Complaint, and, therefore, denies the same.

22.     Aptibyte denies the allegations set forth in paragraph 22 of the Complaint.

23.     Aptibyte denies that it is "in the business of operating an online bingo card system." Aptibyte admits that its website at <bingobaker.com> allows website users to generate bingo cards for entertainment purposes. Aptibyte states that the exhibit referenced in paragraph 23 – an alleged screenshot of Aptibyte's website allegedly captured on March 29, 2023 – speaks for itself. Aptibyte does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 23 of the Complaint, and, therefore, denies the same.

24.     Aptibyte admits that its website at <www.bingobaker.com> is publicly available, including to users in this District. Except as specifically admitted, Aptibyte denies any remaining allegations in paragraph 24 of the Complaint.

25.     Aptibyte denies the allegations set forth in paragraph 25 of the Complaint.

26.     Aptibyte denies the allegations set forth in paragraph 26 of the Complaint.

27.     Aptibyte denies the allegations set forth in paragraph 27 of the Complaint.

28.     Aptibyte denies the allegations set forth in paragraph 28 of the Complaint.

29.     Aptibyte denies the allegations set forth in paragraph 29 of the Complaint.

30.     Aptibyte denies the allegations set forth in paragraph 30 of the Complaint.

31.     Aptibyte admits that it received a letter from Safety Star's counsel, Maulin Shah, in or around March 2020 regarding alleged trademark infringement and states that the letter attached to the Complaint speaks for itself. Aptibyte denies any "use of the [alleged] B-SAFE Trademarks". Aptibyte does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 31 of the Complaint, and, therefore, denies the same.

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

32.     Aptibyte denies the allegations set forth in paragraph 32 of the Complaint, including without limitation the allegation that Aptibyte is using or infringing the "B-SAFE Trademarks".

33.     Aptibyte denies that it has infringed the alleged "B-SAFE Trademarks". Aptibyte does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 33 of the Complaint, and, therefore, denies the same.

34.     Aptibyte denies that it has infringed the alleged "B-SAFE Trademarks". Aptibyte does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 34 of the Complaint, and, therefore, denies the same.

35.     Aptibyte denies the allegations set forth in paragraph 35 of the Complaint.

36.     Aptibyte admits that it provides a "Search Tips" section on its website located at the URL identified in paragraph 36 of the Complaint and that the section provides tips for searching Aptibyte's website. Aptibyte states that the screenshot of Aptibyte's website, allegedly captured on March 29, 2023, speaks for itself. Except as specifically admitted, Aptibyte denies any remaining allegations of paragraph 36 of the Complaint.

37.     Aptibyte admits the first sentence of the allegations set forth in paragraph 37 of the Complaint. Aptibyte denies that any cards generated on its BingoBaker site "incorporate the [alleged] B-SAFE Trademarks" or have ever done so. Aptibyte further denies the existence of any duty to prevent users from using the terms which comprise the alleged "B-SAFE Trademarks" when generating bingo cards. Aptibyte does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 37 of the Complaint, and, therefore, denies the same.

38.     Aptibyte admits that it offers a paid membership to its website that allows website users to generate bingo cards for entertainment purposes, and that users can also download bingo cards created by other users. Aptibyte denies any use of the alleged "B-SAFE Trademarks," including without limitation any alleged offering of "B-SAFE [trademark] related bingo cards" on its website. Aptibyte states that the screenshot of Aptibyte's website, allegedly captured on

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
(Case No. 2:23-cv-01399-BHS) – 5

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

1    July 17, 2023, speaks for itself. Except as specifically admitted, Aptibyte denies any remaining

2    allegations of paragraph 38 of the Complaint.

3        39.    Aptibyte admits the first sentence of the allegations set forth in paragraph 39 of

4    the Complaint. Aptibyte states that the screenshot of Aptibyte's website as of March 23, 2015,

5    allegedly captured from Archive.org, speaks for itself. Except as specifically admitted, Aptibyte

6    denies any remaining allegations of paragraph 39 of the Complaint.

7        40.    Aptibyte denies the allegations set forth in paragraph 40 of the Complaint.

8        41.    Aptibyte admits that it is "not in any way affiliated with" Safety Star. Except as

9    specifically admitted, Aptibyte denies the remaining allegations set forth in paragraph 41 of the

10   Complaint.

11       42.    Aptibyte denies the allegations set forth in paragraph 42 of the Complaint.

## IV.    CAUSES OF ACTION

### First Cause of Action

### Federal Trademark Infringement [Lanham Act, 15 U.S.C. §1114]

15       43.    Aptibyte incorporates by reference its responses to the allegations in paragraphs 1

16   through 42 of the Complaint.

17       44.    Aptibyte denies the allegations set forth in paragraph 44 of the Complaint.

18       45.    Aptibyte denies the allegations set forth in paragraph 45 of the Complaint.

19       46.    Aptibyte denies the allegations set forth in paragraph 46 of the Complaint.

20       47.    Aptibyte denies that Safety Star is entitled to monetary damages or injunctive

21   relief. Aptibyte denies the remaining allegations set forth in paragraph 47 of the Complaint.

22       48.    Aptibyte denies the allegations set forth in paragraph 48 of the Complaint.

### Second Cause of Action

### False Designation of Origin [Lanham Act, 15 U.S.C. § 1125(a)]

25       49.    Aptibyte incorporates by reference its responses to the allegations in paragraphs 1

26   through 48 of the Complaint.

27       50.    Aptibyte does not have knowledge or information sufficient to form a belief as to

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
(Case No. 2:23-cv-01399-BHS) – 6

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

1  the truth of the allegations set forth in paragraph 50 of the Complaint, and, therefore, denies the

2  same.

3    51.    Aptibyte denies the allegations set forth in paragraph 51 of the Complaint.

4    52.    Aptibyte denies the allegations set forth in paragraph 52 of the Complaint.

5    53.    Aptibyte denies the allegations set forth in paragraph 53 of the Complaint.

6    54.    Aptibyte denies the allegations set forth in paragraph 54 of the Complaint.

7    55.    Aptibyte denies that Safety Star is entitled to monetary damages or injunctive

8  relief. Aptibyte denies the remaining allegations set forth in paragraph 55 of the Complaint.

9    56.    Aptibyte denies the allegations set forth in paragraph 56 of the Complaint.

10  **Third Cause of Action**

11  **Contributory Trademark Infringement**

12    57.    Aptibyte incorporates by reference its responses to the allegations in paragraphs 1

13  through 56 of the Complaint.

14    58.    Aptibyte denies the allegations set forth in paragraph 58 of the Complaint.

15    59.    Aptibyte denies the allegations set forth in paragraph 59 of the Complaint.

16    60.    Aptibyte denies the allegations set forth in paragraph 60 of the Complaint.

17    61.    Aptibyte denies the allegations set forth in paragraph 61 of the Complaint.

18    62.    Aptibyte denies the allegations set forth in paragraph 62 of the Complaint.

19    63.    Aptibyte denies the allegations set forth in paragraph 63 of the Complaint.

20  **Fourth Cause of Action**

21  **Vicarious Trademark Infringement**

22    64.    Aptibyte incorporates by reference its responses to the allegations in paragraphs 1

23  through 64 of the Complaint.

24    65.    Aptibyte denies the allegations set forth in paragraph 65 of the Complaint.

25    66.    Aptibyte denies the allegations set forth in paragraph 66 of the Complaint.

26    67.    Aptibyte denies the allegations set forth in paragraph 67 of the Complaint.

27    68.    Aptibyte denies the allegations set forth in paragraph 68 of the Complaint.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
(Case No. 2:23-cv-01399-BHS) – 7

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

### V.    PLAINTIFF'S PRAYER FOR RELIEF

Aptibyte denies that Safety Star is entitled to any of the relief sought in the Prayer for Relief of the Complaint.

### VI.    AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement)

Aptibyte has not done anything likely to cause confusion, mistake, or confusion regarding sponsorship or affiliation with respect to Safety Star or Safety Star's products, as the use of "bsafe" on user-generated bingo cards is non-infringing.

### SECOND AFFIRMATIVE DEFENSE

### (Laches)

Based on Safety Star's allegations, Safety Star had knowledge of Aptibyte's purported activity well before filing the Complaint, dating back to at least in or about March 2020. Safety Star has unreasonably delayed in bringing its claims. This unreasonable delay has prejudiced Aptibyte and thus bars Safety Star from recovery based on the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

### (Equitable Estoppel / Waiver / Acquiescence)

Based on Safety Star's allegations, Safety Star had knowledge of Aptibyte's purported activity well before filing the Complaint, dating back to at least in or about March 2020. Safety Star's own actions, including its failure to continue discussions with Aptibyte in 2020, reasonably led Aptibyte to believe Safety Star had knowledge of and acquiesced to the alleged activities described in the Complaint. Safety Star has unreasonably delayed in bringing its claims. This unreasonable delay combined with Safety Star's actions have prejudiced Aptibyte and thus bars Safety Star from recovery based on the doctrines of equitable estoppel, waiver, and acquiescence.

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

**FOURTH AFFIRMATIVE DEFENSE**

**(No Damages)**

Safety Star's claims are barred, in whole or in part, because Safety Star cannot show actual damages arising from its claims.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Safety Star's claims are barred, in whole or in part, under the doctrine of unclean hands with respect to Safety Star's material misrepresentations regarding its alleged ownership of one or more of the alleged "B-SAFE Trademarks." Based on a new trademark assignment agreement allegedly executed on August 17, 2023, Safety Star claims to have been assigned all rights to the alleged BSAFE BINGO mark and registration, effective as of January 22, 2019. However, Safety Star's application to register the alleged BSAFE BINGO mark was filed on June 4, 2018, some six months earlier than the effective date of the alleged assignment of that mark to Safety Star. Nonetheless, in its June 2018 application, Safety Star represented that it believed that it was the owner of the mark sought to be registered.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Safety Star's claims are barred for failure to state a claim upon which relief may be granted.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Safety Star's claims are barred, in whole or in part, because Safety Star is not the owner of the necessary rights in one or more of the "B-SAFE Trademarks," and, therefore, Safety Star lacks standing to pursue its trademark claims.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Lack of Ownership)**

Safety Star's claims are barred, in whole or in part, because Safety Star is not the owner

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
(Case No. 2:23-cv-01399-BHS) – 9

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

of one or more of the "B-SAFE Trademarks" upon which its claims are based.

## NINTH AFFIRMATIVE DEFENSE

### (Fair Use or Non-Trademark Use)

Safety Star's claims are barred, in whole or in part, because any alleged use of the term "bsafe" or similar terms by Aptibyte or the users of Aptibyte's website is either fair use or a non-trademark use, in that use of the term did not act as a source identifier that would result in any confusion with Safety Star's alleged "B-SAFE Trademarks."

## VII.   REQUEST FOR RELIEF

WHEREFORE, Aptibyte respectfully requests that:

1.      Safety Star's claims against Aptibyte be dismissed in their entirety, with prejudice;

2.      Safety Star takes nothing by its Complaint;

3.      Aptibyte be awarded its reasonable attorneys' fees and costs incurred in connection with this lawsuit; and

4.      Aptibyte be granted such other and further relief that the Court may deem just and proper.

Dated this 5th day of October, 2023.              Respectfully submitted,

FOCAL PLLC

By: *s/ Randall H. Moeller*
*s/ Stacia N. Lay*
Randall H. Moeller, WSBA #21094
Stacia N. Lay, WSBA #30594
900 1st Avenue S., Suite 201
Seattle, Washington 98134
Tel: (206) 529-4827
Fax: (206) 260-3966
Email: randall@focallaw.com
Email: stacia@focallaw.com

Attorneys for Defendant Aptibyte, LLC

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
(Case No. 2:23-cv-01399-BHS) – 10

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966