HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAFETY STAR, LLC, a Missouri limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>APTIBYTE, LLC, a Washington limited liability company,<br><br>    Defendant. | Case No. 2:23-cv-01399-BHS<br><br>DECLARATION OF STACIA N. LAY IN SUPPORT OF DEFENDANT'S MOTION FOR FEES AND A STAY UNDER FED. R. CIV. P. 41(d) |

I, Stacia N. Lay, declare and state as follows:

1. I am an attorney at Focal PLLC and represent Defendant Aptibyte, LLC in this action. I also represented Aptibyte in the first case Plaintiff Safety Star, LLC filed in this Court. I am over 18 years of age. This Declaration is based upon personal knowledge unless otherwise stated, in which case I believe the information to be true. If called as a witness, I could and would testify competently to the information contained herein.

**Safety Star's Duplicative Lawsuits**

2. On May 15, 2023, Safety Star filed a complaint in this Court against Aptibyte alleging claims for trademark infringement and false designation of origin under the Lanham Act, unfair competition under Washington's Consumer Protection Act and Washington common law, and tortious interference with economic relations. All the claims were based on the alleged infringement of trademarks that Safety Star purports to own – B-SAFE and BSAFE BINGO (which Safety Star refers to collectively and without differentiation as the "B-SAFE

DECLARATION OF STACIA N. LAY
(Case No. 2:23-cv-01399-BHS) – 1

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Trademarks"). Attached hereto as **Exhibit 1** is a true and correct copy of Safety Star's complaint.

3. The case – *Safety Star, LLC v. Aptibyte, LLC*, No. 3:23-cv-05440 (W.D. Wash.) ("*Safety Star I*") – was assigned to the Honorable David G. Estudillo.

4. After filing a stipulated motion extending the deadline for Aptibyte's response, on July 10, 2023, Aptibyte moved to dismiss the complaint in *Safety Star I*. Aptibyte argued that Safety Star lacked standing to assert any of its trademark-based claims, that Section 230 of the Communications Decency Act barred Safety Star's state law claims, and that Safety Star failed to state any claim for relief based on alleged trademark infringement. Attached hereto as **Exhibit 2** is a true and correct copy of Aptibyte's motion to dismiss Safety Star's original complaint in *Safety Star I*.

5. On July 28, 2023, one judicial day before its response to Aptibyte's motion to dismiss was due, Safety Star filed an amended complaint under FED. R. CIV. P. 15(a)(1)(B). Attached hereto as **Exhibit 3** is a true and correct copy of Safety Star's amended complaint in *Safety Star I*.

6. In the amended complaint, for the first time, Safety Star relied on a purported trademark assignment agreement dated June 4, 2018, as the basis for its alleged rights in the trademarks on which all of its claims were based, *i.e.*, the "B-SAFE Trademarks" (B-SAFE and BSAFE BINGO). Safety Star attached the assignment to the amended complaint, representing that it was a "true and correct copy" of an assignment agreement "that provides [Safety Star] sole title and right to the B-SAFE Trademarks, and thus, standing to bring this Complaint[.]" (*See* Ex. 3 at ¶ 18.) Attached hereto as **Exhibit 4** is a true and correct copy of the trademark assignment agreement that Safety Star attached as Exhibit 16 to its amended complaint.

7. Safety Star also abandoned its state law claims in its amended complaint, presumably in light of Aptibyte's argument that Section 230 barred those claims.

8. On August 10, 2023, Aptibyte moved to dismiss Safety Star's amended complaint in *Safety Star I*. In the motion, Aptibyte again argued that Safety Star lacked standing to assert its trademark claims and that the trademark assignment agreement – which was created sometime

DECLARATION OF STACIA N. LAY
(Case No. 2:23-cv-01399-BHS) – 2

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

after the date identified in the assignment and likely only in response to Aptibyte's first motion to dismiss – could not demonstrate Safety Star's standing at the time it filed the lawsuit. Attached hereto as **Exhibit 5** is a true and correct copy of Aptibyte's motion to dismiss Safety Star's amended complaint in *Safety Star I*.

9. In lieu of responding to Aptibyte's motion to dismiss the amended complaint, on August 18, 2023, roughly a week before its response to that motion was due, Safety Star filed a notice voluntarily dismissing *Safety Star I* without prejudice under FED. R. CIV. P. 41(a)(1). Attached hereto as **Exhibit 6** is a true and correct copy of Safety Star's voluntary dismissal of *Safety Star I*.

10. Less than a month after dismissing *Safety Star I*, Safety Star filed the present action against Aptibyte alleging essentially the same claims, all of which are based on alleged infringement of the B-SAFE and BSAFE BINGO marks that Safety Star purports to own.

11. Despite relying on an alleged trademark assignment agreement in its amended complaint in *Safety Star I* to support its claim to ownership of the "B-SAFE Trademarks" (*see* Ex. 3 at ¶ 18 and Ex. 4), Safety Star makes no mention of a trademark assignment in its complaint in the present action (*see* Dkt. 1).

12. However, USPTO records for the two marks – B-SAFE and BSAFE BINGO – reveal that on September 4, 2023, Safety Star recorded two new "Nunc Pro Tunc Trademark Assignment Agreements" for the marks that are dated August 17, 2023 and that purport to be effective as of January 22, 2019. These alleged assignments differ from the alleged trademark assignment agreement that was attached to Safety Star's amended complaint in *Safety Star I* and upon which Safety Star claimed ownership of the "B-SAFE Trademarks."

13. Attached hereto as **Exhibit 7** are true and correct copies of the "Nunc Pro Tunc Trademark Assignment Agreements" for the B-SAFE and BSAFE BINGO marks obtained from the USPTO's trademark assignment database.

14. Attached hereto as **Exhibit 8** is a true and correct copy of a PDF comparison I prepared, comparing Safety Star's amended complaint in *Safety Star I* (Exhibit 8A) with Safety

DECLARATION OF STACIA N. LAY
(Case No. 2:23-cv-01399-BHS) – 3

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Star's complaint filed in the present action (Exhibit 8B). As can be seen from the comparison, the allegations are virtually identical in both complaints. The only notable change is Safety Star's deletion, in its complaint in this action, of any reference to the trademark assignment agreement that Safety Star claimed in *Safety Star I* gave it rights to the "B-SAFE Trademarks."

**Aptibyte's Attorneys' Fees Incurred in Defending Against *Safety Star I***

15. Aptibyte incurred a total of $36,635 in attorneys' fees in connection with its defense in *Safety Star I*, of which Aptibyte seeks to recover $36,195.

16. The $36,195 in fees (representing 74.7 hours) that Aptibyte seeks to recover was incurred in assessing and identifying defenses to and flaws in Safety Star's original and amended complaints; negotiating, drafting, and filing a stipulated extension of the time for Aptibyte to respond to the original complaint; drafting and filing a motion to dismiss Safety Star's original complaint, including several state law claims; drafting and filing a motion to dismiss Safety Star's amended complaint, including addressing the trademark assignment agreement offered for the first time with the amended complaint; following up with Safety Star's counsel regarding the initial deadlines for the Rule 26(f) conference and related deadlines; and reviewing and assessing Safety Star's voluntary dismissal of *Safety Star I*.

17. True and correct copies of the invoices of Focal PLLC issued to Aptibyte in connection with the fees that Aptibyte seeks to recover for defending against *Safety Star I* – with redactions consisting only of privileged content and account information – are attached hereto as **Exhibit 9**. Exhibit 9 consists of three invoices reflecting the following amounts: (a) Invoice #51560 for $13,937.50 (29.5 hours); (b) Invoice #51758 for $13,755 (27.9 hours); and (c) Invoice #51852 for $8,502.50 (17.3). Focal records our time on an electronic timekeeping system and I review each pre-bill to adjust for inefficiencies or other matters as appropriate.

18. The attorney timekeepers whose time is reflected on our invoices include me and Randall Moeller. The paralegal timekeeper whose time is reflected on our invoices include Rehan Harrach. The relevant experience of the professionals who worked on this matter is summarized in their firm bios, true and correct copies of which are attached hereto as

DECLARATION OF STACIA N. LAY
(Case No. 2:23-cv-01399-BHS) – 4

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

**Exhibit 10**.

19.     As one of Aptibyte's principal attorneys in *Safety Star I*, I am familiar with Focal's work on the matter. I have also reviewed the invoices attached as Exhibit 9 in light of the services provided and the issues addressed and believe the amounts set forth therein to be fair, just, and reasonable for the services described.

20.     My billing rate for *Safety Star I* was $500 per hour. I have been in private practice for more than 20 years. I was admitted to the Washington State Bar in 2000 and have been in private practice since 2002, with a focus on commercial and IP litigation as well as counseling clients on IP protection and disputes. After practicing for more than a decade at a boutique IP firm in Seattle, I joined Focal in 2015, am currently a member of Focal, and assist in management of the Focal litigation group.

21.     Randall Moeller's billing rate for *Safety Star I* was $500 per hour. Mr. Moeller has practiced for more than 30 years. He was admitted to the Washington State Bar in 1991 and has been in private practice since 1991, focusing on commercial and IP litigation as well as counseling clients on IP issues. After practicing for more than three decades – most recently at Perkins Coie, Graham and Dunn, and a boutique IP firm in Seattle – he joined Focal in 2023.

22.     The paralegal who worked on *Safety Star I* – Rehan Harrach – was billed at Focal's standard paralegal rate of $175 per hour. Ms. Harrach has more than 10 years' experience as a paralegal supporting attorneys in busy civil litigation practices.

23.     The hourly rates for services charged to Aptibyte by Focal are reasonable and comparable to – or below – the rates charged in the Seattle area for attorneys and paralegals of comparable skill and experience in connection with similar complex litigation, including litigation involving intellectual property issues.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

//

//

DECLARATION OF STACIA N. LAY
(Case No. 2:23-cv-01399-BHS) – 5

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

Executed this 5th day of October, 2023, at Seattle, Washington.

*s/ Stacia N. Lay*
STACIA N. LAY

DECLARATION OF STACIA N. LAY
(Case No. 2:23-cv-01399-BHS) – 6

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966