UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| SAFETY STAR, LLC., a Missouri limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>APTIBYTE, LLC, a Washington limited liability company,<br><br>    Defendant. | Complaint Case No. 2:23-cv-01399-BHS<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR FEES AND A STAY UNDER FED. R. CIV. P. RULE 41(d)** |

OPPOSITION TO MOTION FOR FEES AND
A STAY UNDER FED. R. CIV. P. RULE 41(D)
CASE NO. 2:23-CV-01399-BHS

ENVISION IP
L.L.C.
LAW OFFICES
1345 AVENUE OF THE AMERICAS
2ND FLOOR
NEW YORK, NEW YORK 10105

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 5

II. RELEVANT FACTS ............................................................................................................ 5

III. ARGUMENT........................................................................................................................ 7

   A. Attorneys' Fees Are Not Recoverable "Costs" Under the Plain Language of Rule 41(d) ... 7

   B. Aptibyte is not entitled to Attorneys' Fees Pursuant to the Underlying Statute .................. 9

   C. There is no Evidence of Bad Faith, Vexatiousness, or an Attempt to Gain a Tactical Advantage by Safety Star............................................................................................................ 9

   D. The Fees Claimed by Aptibyte Are Further Precluded Because the Work Incurred in the First Action Will Be Useful for This Action................................................................. 11

   F. Aptibyte's Fees Are Unreasonable ...................................................................... 13

   G. A Stay Is Not Warranted.................................................................................... 15

IV. CONCLUSION.................................................................................................................. 16

**TABLE OF AUTHORITIES**

**CASES**

*Halicki Films, LLC v. Sanderson Sales & Mktg.*,
547 F.3d 1213 (9th Cir. 2008)……………………………………………………………..5

*Alphonsis v. Critics' Choice Ass'n*,
No. 222CV03477SVWPVC, 2022 WL 18278605 (C.D. Cal. Nov. 17, 2022)……. ………..5

*Key Tronic Corp. v. United States*,
511 U.S. 809 (1994)…………………… ……………………………………...…………….6

*Moskowitz v. Am. Sav. Bank, F.S.B.*,
37 F.4th 538 (9th Cir. 2022)………… ……………………………………………………6, 7

*Morisky v. MMAS Rsch. LLC*,
No. 2:21-CV-1301-RSM-DWC, 2022 WL 1215499 (W.D. Wash. Apr. 8, 2022)… ….……7

*Henderson v. Blount*,
No. C10-5433BHS, 2010 WL 3385322 (W.D. Wash. Aug. 25, 2010)… …...…………..7, 12

*Dammeier v. Home Depot U.S.A., Inc.*,
No. 16-5481 RJB, 2016 WL 4945305 (W.D. Wash. Sept. 16, 2016)… ……………..……7, 8, 9

*Cadkin v. Loose,* 569 F.3d 1142 (9th Cir. 2009)…………………………………………. …….8

*Wachovia SBA Lending v. Kraft*,
138 Wash. App. 854, 158 P.3d 1271 (2007)………… ……………………………………8

*Molski v. Evergreen Dynasty Corp.*,
500 F.3d 1047, 1061 (9th Cir. 2007)……… ……………………………………….……...9

*Owen v. Hyundai Motor Am.*,
No. 222CV00882KJMCKD, 2023 WL 2529782 (E.D. Cal. Mar. 15, 2023)……… ………...9

*Simmonds v. Credit Suisse Sec. (USA) LLC*,
No. C12-1937JLR, 2013 WL 501884 (W.D. Wash. Feb. 7, 2013)……… ………....… ….9, 11

*Simmonds v. Credit Suisse Securities (USA) LLC*,
678 F.3d 1139 (9th Cir.2012)……… …………………………………………….……..9

*Esquivel v. Arau*,
913 F. Supp. 1382 (C.D. Cal. 1996)…………… …………………………………10, 11, 12, 13

*Lennard v. Yeung*,

No. CV 10–09322, 2011 WL 13217925, 5. (C.D. Cal. Aug. 16, 23 2011) …………………12

*Van Gerwen v. Guarantee Mut. Life Co.*,
214 F.3d 1041 (9th Cir. 2000)………… ……………….…………………….……..13

*Yagman v. Edmondson*, 7
23 F. App'x 487 (9th Cir. 2018)………… …………………………………………..13

*Farris v. Cox*,
508 F. Supp. 222, 227 (N.D. Cal. 1981)……………… …………….………………..13

*Red v. Kraft Foods, Inc.*,
No. CV 10-1028-GW(AGRx), 2015 WL 12670201 (C.D. Cal. Apr. 29, 2015)… …..……..16

**RULES AND STATUTES**

Fed. R. Civ. P. 41(d)……………………………………………………………………….5, 7

15 U.S.C § 1125(a)………………………………………………………………………...6

15 U.S.C. § 1117(a)………………………………………………………………………..8

Fed. R. Civ. P. 11(b)-(c)……………………………………………………………...……..16

OPPOSITION TO MOTION FOR FEES
AND A STAY UNDER RULE 41(d)                  - 4 -
Case No. 2:23-cv-01399-BHS

## I.  INTRODUCTION

Defendant Aptibyte, LLC's ("Aptibyte") motion for fees and a stay pursuant to Fed. R. Civ. P. 41(d) ("Aptibyte's Motion for Fees") (Dkt. 16) seeks a staggering $36,195.00 in attorneys' fees for a prior case that never progressed past the pleading stage, and in which discovery had not even begun.  In making such a request, Aptibyte (i) seeks to manufacture a legal entitlement to attorneys' fees under Rule 41(d), where none exists, and (ii) drastically overstates the amount of the attorneys' fees reasonably incurred.

The plain language of Rule 41(d)  provides for "costs"; it does not mention attorneys' fees.  Consistent with its plain language, the rest of the Federal Rules and statutory scheme, Supreme Court and Ninth Circuit precedent, and the American Rule requiring parties to pay their own attorneys' fees, "costs" under Rule 41(d) do not include attorneys' fees.  The motion should be denied.

## II.  RELEVANT FACTS

On May 15, 2023, Safety Star, LLC ("Safety Star") filed a complaint against Aptibyte, LLC ("Aptibyte") in this Court, seeking relief for trademark infringement and false designation of origin under the Lanham Act and related claims under Washington law. *Safety Star LLC v. Aptibyte LLC*, Case No. 3:23-cv-05440-DGE, (W.D. Wash) (the "First Action"), Dkt. 1.

On July 10, 2023, Aptibyte filed a Motion to Dismiss Plaintiff's Complaint in the First Action.  Aptibyte argued, in part, that Safety Star lacked standing to bring forth the asserted claims because it had not affirmatively alleged its ownership of the marks. *Id.*, Dkt. 7.

Safety Star is a single-member limited liability company.  Its sole principal, Mr. Albert "Beau" Culbertson, founded Safety Star in 1989. Safety Star has manufactured, marketed, and sold its proprietary safety bingo program under the B-SAFE trademark since 1992, and under the BSAFE BINGO trademark since 2001. Mr. Culbertson orally assigned his rights to the B-SAFE trademark to Safety Star in 1992, and orally assigned his rights to the BSAFE BINGO trademark to Safety Star in 2001. While these assignments were not statutorily recorded at the time of filing

OPPOSITION TO MOTION FOR FEES
AND A STAY UNDER RULE 41(d)            - 5 -
Case No. 2:23-cv-01399-BHS

the First Action, Safety Star was in fact the owner of the B-SAFE Trademarks. *See Shah Declaration*, ¶ 2. In any case, Safety Star at the very least had a cognizable commercial interest in the B-SAFE Trademarks at the time of filing of the First Action. The Ninth Circuit has held that a party having a cognizable interest in an infringed trademark has standing to sue for infringement of that mark. *See Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1225 (9th Cir. 2008); *see also Alphonsis v. Critics' Choice Ass'n*, No. 222CV03477SVWPVC, 2022 WL 18278605, at *3 (C.D. Cal. Nov. 17, 2022) ("The third basis for standing in a trademark infringement case is possessing a cognizable interest in the allegedly infringed trademark even if the plaintiff does not own the trademark.").

However, in order to overcome the alleged deficiency in standing argued by Aptibyte, Mr. Culbertson and Safety Star executed a *nunc pro tunc* assignment of the marks. On July 10, 2023, Aptibyte submitted a First Amended Complaint with this first *nunc pro tunc* assignment. *See First Action*, Dkt. 15, Ex. 16; *Shah Declaration*, ¶ 3. Safety Star's attorney Maulin V. Shah admits that the first *nunc pro tunc* assignment included an inadvertent clerical error and improperly listed the effective date as the "execution" date of June 4, 2018. *See id.*, ¶¶ 3 & 4.

On August 10, 2023, Aptibyte filed second motion to dismiss ("Motion to Dismiss First Amended Complaint"). *Id.,* Dkt. 18. At this juncture, Safety Star had the option of filing a response to the Motion to Dismiss Plaintiff's First Amended Complaint, and making arguments and providing additional evidence that Safety Star in fact is the owner of the B-SAFE Trademarks. In addition, Safety Star had standing to bring suit under the Lanham Act as it has had a cognizable interest in the B-SAFE Trademarks for decades prior to the First Action being filed, given the injury to its commercial interest in reputation and sales as a direct result of Aptibyte's actions. *See 15 U.S. Code § 1125(a).*

However, Safety Star also recognized that filing such a response would elicit a lengthy rebuttal from Aptibyte. To mitigate the significant legal costs involved in litigating the cognizable interest and standing issues (inherently for *both* parties), Safety Star opted to perfect a statutory assignment by recording properly executed *nunc pro tunc* assignments with the USPTO. *Shah*

OPPOSITION TO MOTION FOR FEES
AND A STAY UNDER RULE 41(d)          - 6 -
Case No. 2:23-cv-01399-BHS

1  *Declaration*, ¶ 5. Given that Safety Star had only eighteen days to file a response to the Motion to

2  Dismiss Plaintiff's First Amended Complaint (before the response date of August 28, 2023), it

3  was not certain that such an assignment would be processed and officially recorded by the

4  USPTO within this timeframe. *Id.*, ¶ 8.

5        Accordingly, on August 18, 2023, Safety Star filed a Notice of Voluntary Dismissal, in

6  order to allow sufficient time to submit the properly executed *nunc pro tunc* assignments to the

7  USPTO, and for the USPTO to process these assignments and legally record then as such. *Id.*, ¶ 9.

8  This Court dismissed the First Action without prejudice on August 21, 2023. *Safety Star v.*

9  *Aptibyte I*, Dkt. 20.

10        Safety Star promptly executed the *nunc pro tunc* assignments with the correct effective

11  dates for the B-SAFE Trademarks on August 17, 2023, both of which were recorded by the

12  USPTO on September 4, 2023. *Ex. 1*. On September 8, 2023, Safety Star filed the present action.

13  Contrary to Aptibyte's unfounded allegations, Safety Star's filing of the voluntary dismissal of

14  the First Action, and the filing of the present action, were not done to avoid any alleged

15  "potentially adverse ruling on Aptibyte's motion", or in "an attempt to gain a tactical advantage".

16  *Shah Declaration*, ¶¶ 9 & 11. Safety Star's course of action taken was taken simply to ensure that

17  it could properly bring forth its trademark infringement claims against Aptibyte in the most

18  efficient manner possible – rather than wasting time with ongoing, meritless arguments that

19  Safety Star lacked standing to bring its claims.

20

21  **III.**     **ARGUMENT**

22         **A.**     **Attorneys' Fees Are Not Recoverable "Costs" Under the Plain Language of Rule 41(d)**

23

24        The Supreme Court has unambiguously held that attorneys' fees are not recoverable

25  absent explicit authorization—either from Congress, the Rules of Civil Procedure, or a contract.

26  *Key Tronic Corp. v. United States*, 511 U.S. 809, 814–15 (1994). The plain language of Rule

27  41(d) does not provide for the award of attorneys' fees; it only allows for the recovery of "costs"

28  from the previous action. *Fed. R. Civ. P. 41(d)(1)* (the court "may order the plaintiff to pay all or

OPPOSITION TO MOTION FOR FEES
AND A STAY UNDER RULE 41(d)     - 7 -
Case No. 2:23-cv-01399-BHS

part of the **costs** of that previous action" (emphasis added)). Many other Federal Rules of Civil Procedure explicitly provide for attorneys' fees or specify that they are meant to be included in the term "costs." Rule 41(d) does not, and attorneys' fees should not be read into the rule.

Aptibyte's Motion for Fees is correct in stating that the Ninth Circuit has held that Rule 41(d) "costs" do not include attorneys' fees as a matter of right. *Pg. 8, Lines 9-10; Moskowitz v. Am. Sav. Bank, F.S.B.*, 37 F.4th 538, 546 (9th Cir. 2022). However, Aptibyte's Motion for Fees fails to include the Ninth Circuit's discussion of the term "costs" in *Moskowitz*, which reads:

> …**'costs' is a term which has a long-standing definition that does not inherently include attorney's fees.** Nothing in the text of Rule 41(d) compels a contrary reading of this well-understood term. [*Id.* at 545-46, emphasis added].

In addition, the Ninth Circuit in *Moskowitz* declined to determine whether bad faith would be sufficient to allow a party to recover attorneys' fees as "costs" under Rule 41(d). *See id.* at 546.

Thus, the correct interpretation of Rule 41(d) is either that attorneys' fees are not recoverable at all - which is consistent with the plain language of Rule 41(d) - or that attorneys' fees are awardable as costs only where authorized by the underlying statute.

This Court appears to have recently agreed with the foregoing interpretation of Rule 41(d) in *Morisky v. MMAS Rsch. LLC*, No. 2:21-CV-1301-RSM-DWC, 2022 WL 1215499, at *6 (W.D. Wash. Apr. 8, 2022). In *Morisky*, a case involving trademark infringement claims under the Lanham Act, the plaintiff filed first and second amended complaints. The defendant subsequently filed a motion to dismiss and a motion for fees pursuant to Rule 41(d). This Court denied the defendant's motion for fees and costs, and did not discuss the issue of bad faith as being relevant to its denial of fees and costs. *See Id.,* report and recommendation adopted, Case No. 2:21-CV-1301-RSM-DWC, 2022 WL 1213313 (W.D. Wash. Apr. 25, 2022).

Similarly, in other cases, this Court has held that Rule 41(d) only governs an award of costs, not attorneys' fees. *See Henderson v. Blount*, No. C10-5433BHS, 2010 WL 3385322, at *1 (W.D. Wash. Aug. 25, 2010) ("the Court concludes that Blount's motion for attorney's fees…is denied. [Defendant] cites to Rule 41(d) in support of his motion, but Rule 41(d) only governs an award of costs, not attorney's fees."); *see also Dammeier v. Home Depot U.S.A., Inc.*, No. 16-

OPPOSITION TO MOTION FOR FEES
AND A STAY UNDER RULE 41(d)                - 8 -
Case No. 2:23-cv-01399-BHS

1   5481 RJB, 2016 WL 4945305, at *2 (W.D. Wash. Sept. 16, 2016) ("Further, the law generally

2   recognizes a difference between the terms 'costs' and 'attorney fees'…we must assume that

3   Congress was aware of the distinction and was careful with its words when it approved Rule

4   41(d).").

### B.  Aptibyte is not entitled to Attorneys' Fees Pursuant to the Underlying Statute

Courts may award attorneys' fees as costs under Rule 41(d) if the substantive statute underlying the claim provides for attorneys' fees. *Moskowitz,* 37 F.4th. at 544. In the First Action, Safety Star sought to vindicate its registered trademark rights pursuant to the Lanham Act, the relevant "underlying statute". The attorney fee provision of the Lanham Act states: "The court in exceptional cases may award reasonable attorney fees to the **prevailing party**." *15 U.S.C. § 1117(a)*, emphasis added.

Aptibyte was not a prevailing party in the First Action, as the First Action was dismissed without prejudice. *First Action, Dkt. 20.* The Ninth Circuit held in a case involving claims under the Lanham Act that a voluntary dismissal without prejudice does not confer prevailing party status, nor does it alter the legal relationship of parties for the purposes of entitlement to attorneys' fees. *See Cadkin v. Loose,* 569 F.3d 1142, 1145 (9th Cir. 2009).

Further, the Washington Court of Appeals of Washington has held that "voluntary dismissal without prejudice is not a 'final judgment,' within meaning of [a] statute providing for prevailing party attorney fees…". *See Wachovia SBA Lending v. Kraft*, 138 Wn. App. 854, 158 P.3d 1271 (2007).

Aptibyte is not entitled to attorney fees under Rule 41(d) or the Lanham Act, as it does not have prevailing party status.

### C.  There is no Evidence of Bad Faith, Vexatiousness, or an Attempt to Gain a Tactical Advantage by Safety Star

Safety Star dismissed the First Action, and filed the present action, in an effort to have time to statutorily perfect assignments for the B-SAFE Trademarks with the USPTO, as well as to avoid unnecessary litigation costs associated with arguing the standing issue with Aptibyte in the

OPPOSITION TO MOTION FOR FEES
AND A STAY UNDER RULE 41(d)          - 9 -
Case No. 2:23-cv-01399-BHS

First Action. Such actions do not, and cannot, amount to vexatious behavior. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061 (9th Cir. 2007) ("We also emphasize that the textual and factual similarity of a plaintiff's complaints, standing alone, is not a basis for finding a party to be a vexatious litigant.").

Further, Safety Star has not engaged in forum shopping or attempted to gain any tactical advantage; it has simply filed the present action, with additional claims of contributory infringement and vicarious infringement, before this same Court. In *Dammeier*, this Court denied the defendant's motion for costs and attorneys' fees, holding that "[p]laintiff did not forum shop, but re-filed his case in the same forum. There is no evidence of [p]laintiff gained a tactical advantage or is engaging in vexatious litigation." The Court further held in *Dammeier* that the plaintiff's decision to refile suit, **rather than incur costs** of retaining an expert to oppose defendant's motion in the first action also "was not intended for vexatious reasons nor did it give him a tactical advantage". *See id.*

The cases cited in Aptibyte's Motion for Fees are clearly distinguished from the facts of here. In *Owen v. Hyundai Motor Am.*, No. 222CV00882KJMCKD, 2023 WL 2529782, at *1 (E.D. Cal. Mar. 15, 2023), the plaintiff voluntarily dismissed an action in state court and **refiled in federal district court.** The court in *Owen* held that the "[defendant] has shown [plaintiff] was forum shopping." *See id*. In the present action, as discussed herein, Safety Star has not engaged in forum shopping.

In *Simmonds v. Credit Suisse Sec. (USA) LLC*, No. C12-1937JLR, 2013 WL 501884, at *1 (W.D. Wash. Feb. 7, 2013), the plaintiff dismissed a prior action to avoid a ruling to occur on remand, which likely would have precluded it from refiling claims against the defendant given that a critical substantive issue of that case **was already ruled on by the Supreme Court**. *See Simmonds v. Credit Suisse Securities (USA) LLC*, 678 F.3d 1139 (9th Cir.2012) (remanding case). This would clearly have given that plaintiff a tactical advantage in being able to bring forth its claims.

In stark contrast to *Simmonds*, Safety Star's decision to discontinue the First Action was not in an attempt to "forum shop," either in reaction to initial unfavorable rulings, or in the hope of a more favorable judicial assignment. There was no decision issued by this Court in the First Action, unfavorable or otherwise.

Safety Star dismissed the First Action to have sufficient time to perfect its statutory assignment of rights so that its claims could be heard on their merits. Aptibyte is not entitled to attorney fees under Rule 41(d) as Safety Star has not engaged in bad faith, vexatiousness, or attempted to gain a tactical advantage by filing the present action.

### D.     The Fees Claimed by Aptibyte Are Further Precluded Because the Work Incurred in the First Action Will Be Useful for This Action

Aptibyte relies on *Esquivel v. Arau*, 913 F. Supp. 1382, 1387 (C.D. Cal. 1996) for the proposition that attorneys' fees should be awarded in the present action. Aptibyte, however, fails to note that *Esquivel* specifically precludes imposing fees and costs "associated with work that will **still be useful to defendants in the instant litigation**." *See Esquivel,* 913 F. Supp. at 1388, emphasis added. Notwithstanding, Aptibyte now seeks a windfall to the tune of $36,195.00, a blanket award of **all** attorneys' fees incurred by Aptibyte in the First Action.

Despite presumably being familiar with the court's holding in *Esquivel*, Aptibyte fails to make any showing that any work product in the First Action will be useless in the present action. Aptibyte's Motion for Fees could also be denied for this reason alone, as it is clear that a significant majority of the work product incurred in the First Action will be useful in the present action.

For example, Aptibyte seeks tens of thousands of dollars in fees associated with its Motion to Dismiss Plaintiff's Complaint as well as its Motion to Dismiss Plaintiff's First Amended Complaint (collectively, "Aptibyte's Motions to Dismiss"). The First Action and the present action both include causes of action under the Lanham Act for trademark infringement as well as false designation of origin.

Aptibyte's Motion to Dismiss Plaintiff's Complaint consisted of 22 pages, 6 of which pages were directly related to Aptibyte's allegations of Safety Star's failure to state a claim for relief with regards to the Lanham Act claims. *See First Action, Dkt. 7,* Pg. 4, Lines 7-27, Pg. 15, Line 1 – Pg. 20, Line 16.

Aptibyte's Motion to Dismiss Plaintiff's First Amended Complaint consisted of 23 pages, 7 of which are directly related to Aptibyte's allegations of Safety Star's failure to state a claim for relief with regards to the Lanham Act claims. *See Dkt. 18,* Pg. 14, Line 11 – Pg. 21, Line 11.

Furthermore, in both of Aptibyte's Motions to Dismiss, it argued that Safety Star should not be entitled to relief under a contributory infringement theory – a theory that was not specifically pleaded in the First Action, but is pleaded in the present action,. *See Dkt.17,* Pg. 18, Line 12 – Pg. 20, Line 1.; *Dkt. 18*, Pg. 19, Line14 – Pg. 21, Line 11.

The present action includes a cause of action under a contributory infringement theory, as well as other causes of action under the Lanham Act. Thus, a significant majority of the work product in both of Aptibyte's Motions to Dismiss clearly can be reused in the present action. Rule 41(d) is not aimed at making a plaintiff pay for a defendant's complete defense; rather it is aimed at repaying "work product rendered useless" done by a defendant. If Aptibyte can reuse the work product in its Motions to Dismiss, it is obviously not useless. *See Esquivel,* 913 F. Supp. at 1388 ("…the Court should not impose any costs associated with work that will still be useful to defendants in the instant litigation."). There can be no doubt that Aptibyte intends to make the same exact arguments in this present case as related to trademark infringement and false designation of origin under the Lanham Act, as well as under an contributory infringement theory.

Further, both of Aptibyte's Motions to Dismiss included significant work product related to its allegation that Safety Star lacks standing to bring forth its claims under the Lanham Act. The first motion contained 6 pages related to the standing issue. *See First Action, Dkt. 17,* Pg. 3, Line 17 – Pg. 4, Line 6 and Pg. 5, Line 1 – Pg. 10, Line 5. The second motion contained 14 pages related to the standing issue. *See id., Dkt. 18,* Pg. 1, Lines 1 – Pg. 14, Line 10.

OPPOSITION TO MOTION FOR FEES
AND A STAY UNDER RULE 41(d)           - 12 -
Case No. 2:23-cv-01399-BHS

Aptibyte has flagged its intention to submit arguments disputing Safety Star's standing in the present action - Aptibyte's Motion for Fees states: "**Aptibyte does not concede that these newly created assignment agreements give Safety Star standing**." *See Dkt. 16,* Pg. 8, Footnote 1, emphasis added. Thus, the work product related to disputing Safety Star's standing in Aptibyte's Motions to Dismiss is not "useless", and Aptibyte will almost assuredly attempt to use its arguments, case law research, and intellectual capital regarding the standing issue in the present action. *See Simmonds*, 2013 WL 501884 at *2 ("…the court reduces Credit Suisse's request for costs to the extent attorney fees were expended toward building intellectual capital and establishing precedent that may be useful in this action.").

In summary, at least 16 of the 22 pages of work product in the Motion to Dismiss Plaintiff's Complaint (72%) and at least 21 of the 23 pages of work product in the Motion to Dismiss Plaintiff's First Amended Complaint (91%) will likely be reused, or at the very least is reusable, in the present action. Thus, Aptibyte has not and cannot make any showing that the attorneys' fees incurred in the First Action will not contribute toward its defense in the present case. *See Esquivel*, 913 F. Supp. at 1392.

Safety Star should not be required to pay for Aptibyte's defense simply because it exercised its right to voluntarily dismiss the First Action. This Court, as well as the Ninth Circuit, has held that a "plaintiff is free to file a proper notice of dismissal pursuant to Rule 41(a)(1)" and that "defendants continue to enjoy the protection of that rule, too, in that they may prevent unilateral dismissal by serving plaintiff with an answer". *Henderson,* 2010 WL 3385322, at *1, citing *Swedberg v. Marotzke*, 339 F.3d 1139, 1146 (9th Cir. 2003).

### F. Aptibyte's Fees Are Unreasonable

Aptibyte's Motion for Fees should be denied for the reasons set forth above. However, assuming Aptibyte is entitled to an award of attorneys' fees, Aptibyte is only entitled to **reasonable** attorneys' fees. *See Lennard v. Yeung*, No. CV 10–09322, 2011 WL 13217925, 5. (C.D. Cal. Aug. 16, 23 2011). A cursory review of Aptibyte's fee requests—which total an

1  astounding $36,195.00 for a case that never progressed past the pleading stage and in which no
2  discovery was done—reveals that they are far from reasonable. *See Dkt. 17*, Ex. 9.

3  Aptibyte is requesting a blanket award of **all** attorneys' fees incurred by Aptibyte in the
4  First Action, with nearly 75 hours billed to Aptibyte for the First Action. For two seasoned
5  intellectual property litigators "each of whom have practiced for more than 20 years", this seems
6  highly unreasonable, as these types of motions should be relatively routine for Aptibyte's counsel.
7  *See Dkt. 16,* Pg. 10; *see also Dkt. 17*, Ex. 10

8  Although Aptibyte's Motions to Dismiss were redundant and needlessly lengthy, the
9  issues involved in preparing these Motions to Dismiss were not particularly complex or unusually
10 weighty. The quantity of work must be "reasonable in relation to the tasks involved. *See*
11 *Esquivel,* 913 F. Supp. at 1392–93 ( "…there is the fact that the motion to dismiss neither
12 presented unusually weighty issues nor called for extensive discovery…The Court simply cannot
13 agree that an expenditure of the magnitude sought by defendants is appropriate to compensate a
14 defendant for having to respond to a complaint with a routine motion to dismiss.").

15 Furthermore, the arguments in both of Aptibyte's Motions to Dismiss in support of its
16 allegations regarding Safety Star's failure to state a claim for relief, as well as failure to establish
17 an entitlement to relief, **are nearly identical**, raising the question of why the Motion to Dismiss
18 Plaintiff's First Amended Complaint incurred such a significant amount of attorneys' fees for
19 Aptibyte. *See Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) ("A
20 district court should exclude from the lodestar amount hours that are not reasonably expended
21 because they are 'excessive, redundant, or otherwise unnecessary…"). Aptibyte has not made a
22 good faith effort to exclude hours from its requested fees that are "excessive, redundant, or
23 otherwise necessary." *See Id.*

24 It also bears noting that in *Esquivel*, the court found that a reduction of the requested fees
25 was appropriate including because "there is the likelihood of duplicative labor inherent in having
26 five attorneys work on a single case." *See Esquivel,* 913 F. Supp. at 1392. Here, Aptibyte claims
27
28

OPPOSITION TO MOTION FOR FEES
AND A STAY UNDER RULE 41(d)        - 14 -
Case No. 2:23-cv-01399-BHS

1   fees for two different attorneys and a paralegal for a case that was still in the pleading stages. This
2   further demonstrates that the attorneys' fees requested by Aptibyte are unreasonable.

3         The quantity of work and attorneys' fees claimed by Aptibyte is shockingly unreasonable.
4   Accordingly, the Court should deny Aptibyte's request altogether. The Ninth Circuit has held,
5   "[a] fee request that appears unreasonably inflated is a special circumstance permitting the trial
6   court to reduce the award or **deny one altogether**." *Yagman v. Edmondson*, 723 F. App'x 487
7   (9th Cir. 2018) (emphasis added) (affirming denial of fees motion where movant failed to
8   establish the hours reasonably spent preparing the motion); *Farris v. Cox*, 508 F. Supp. 222, 227
9   (N.D. Cal. 1981) ("…fees may be denied in their entirety when petitioning lawyers are guilty of
10  overreaching in seeking outrageously unreasonable fees.").

11        Further, Aptibyte should not be permitted to treat its motion for attorneys' fees as an
12  starting offer, and such conduct should not be rewarded with a reduced award. As aptly explained
13  by one court: "If the Court were required to award a reasonable fee when an outrageously
14  unreasonable one has been asked for, claimants would be encouraged to make unreasonable
15  demands, knowing that the only unfavorable consequence of such misconduct would be reduction
16  of their fee to what they should have asked in the first place. To discourage such greed, a severer
17  reaction is needful." *Red v. Kraft Foods, Inc.*, No. CV 10-1028-GW(AGRx), 2015 WL 12670201,
18  at *6 (C.D. Cal. Apr. 29, 2015), aff'd, 680 F. App'x 597 (9th Cir. 2017) (alterations omitted).

19      **G.**    **A Stay Is Not Warranted**

20        Aptibyte is not entitled to the requested attorneys' fees as "costs" under Rule 41(d) for the
21  reasons discussed above. But in the event the Court is inclined to award actual trust costs, if any,
22  to Aptibyte, a stay is not warranted. Safety Star will comply with the Court's orders in a timely
23  fashion. A stay would only serve to unnecessarily delay the present action.

24
25
26
27
28

OPPOSITION TO MOTION FOR FEES
AND A STAY UNDER RULE 41(d)          - 15 -
Case No. 2:23-cv-01399-BHS

## IV. CONCLUSION

For the foregoing reasons, Aptibyte's motion for fees and a stay pursuant to Fed. R. Civ. P. 41(d) should be denied.

"I certify that this memorandum contains 4074 words, in compliance with the Local Civil Rules."

Dated: October 16, 2023                    ENVISION IP L.L.C.


By: */s/ Maulin V. Shah*
Maulin V. Shah
Envision IP, LLC
1345 Avenue of the Americas
2nd Floor
New York, NY 10105
maulin.shah@envisionip.com
888-307-6807

LAW OFFICE OF CARL J. MARQUARDT
Carl J. Marquardt (WA Bar No. 23257)
1126 34th Avenue, Suite 311
Seattle, WA 98122
Tel:    (206) 388-4498
Email:  carl@cjmlawoffice.com

Attorneys for Plaintiff