UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| SAFETY STAR, LLC., a Missouri limited liability company,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>APTIBYTE, LLC, a Washington limited liability company,<br><br>　　　　　Defendant. | Complaint Case No. 2:23-cv-01399-BHS<br><br>**DECLARATION OF MAULIN V. SHAH IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR FEES AND A STAY UNDER FED. R. CIV. P. RULE 41(d)** |

DECLARATION OF MAULIN V. SHAH
CASE NO. 2:23-CV-01399-BHS

I, Maulin V. Shah, declare and state as follows:

1. I am an attorney representing Plaintiff Safety Star, LLC ("Safety Star") in the present action. I also represented Safety Star in *Safety Star LLC v. Aptibyte LLC*, Case No. 3:23-cv-05440-DGE (W.D. Wash.) ("*Safety Star v. Aptibyte I*"), filed on May 15, 2023.

2. Prior to filing *Safety Star v. Aptibyte I*, I had a good faith belief, based on discussions with Mr. Albert "Beau" Culbertson, owner of Safety Star, as well as my review of documentation from Safety Star, that Safety Star was indeed the valid assignee of United States Trademark Reg. Nos. 3,032,329 and 5,660,503 (collectively, the "B-SAFE Trademarks").  I understood this to be true based on Safety Star's longstanding commercial and cognizable interests in the B-SAFE Trademarks, as well as verbal assignments of the same made by Mr. Culbertson to Safety Star.

3. Upon reviewing Defendant Aptibyte, LLC's ("Aptibyte") Motion to Dismiss Plaintiff's Complaint in *Safety Star v. Aptibyte 1*, specifically the allegations of lack of standing, I prepared a first *nunc pro tunc* assignment which was executed by Mr. Culbertson, memorializing his verbal assignment of the B-SAFE Trademarks to Safety Star.

4. The first *nunc pro tunc* assignment improperly listed the effective date as the "execution" date of June 4, 2018.

5. Upon realizing this inadvertent clerical error with the first *nunc pro tunc* assignment, I prepared second *nunc pro tunc* assignments which were executed by Mr. Culbertson, memorializing his verbal assignment of the B-SAFE Trademarks to Safety Star, with effective dates of January 22, 2019.

6. The first and second *nunc pro tunc* assignments were prepared and executed in good faith, and in an effort to confirm and perfect Safety Star's ownership of the B-SAFE Trademarks.

7. The first and second *nunc pro tunc* assignments were not prepared and executed in bad faith, or in an attempt to mislead this Court in any manner.

8. I was not certain that the second *nunc pro tunc* assignments could be executed and recorded within the eighteen day deadline to respond to Aptibyte's Motion to Dismiss Plaintiff's Amended Complaint, which was filed on August 10, 2023.

9. As such, Safety Star filed a Notice of Voluntary Dismissal on August 18, 2023 in *Safety Star v. Aptibyte I* in order to give Safety Star time to prepare, execute, and file for recordation with the USPTO the second *nunc pro tunc* assignments. The Notice of Voluntary Dismissal was not filed to avoid any alleged potentially adverse ruling on Aptibyte's Motion to Dismiss Plaintiff's First Amended Complaint, or in an attempt to gain a tactical advantage.

10. I submitted the second *nunc pro tunc* assignment for recordation with the USPTO trademark assignment recordation branch on August 17, 2023, and the second *nunc pro tunc* assignment was recorded on September 4, 2023. *See Ex. 1*.

11. On September 8, 2023, Safety Star filed the present action before this same Court. The present action was not filed to avoid any alleged potentially adverse ruling on Aptibyte's Motion to Dismiss Plaintiff's First Amended Complaint, or in an attempt to gain a tactical advantage.

12. I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that all statements made of my own knowledge are true and that all statements made on information and belief are believed to be true.

13. I understand that willful false statements and the like are punishable by fine or imprisonment, or both (18 U.S.C. § 1001).

Executed this 13th day of October, 2023.

By: _____

MAULIN V. SHAH