HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAFETY STAR, LLC, a Missouri limited liability company,<br><br>  Plaintiff,<br><br>v.<br><br>APTIBYTE, LLC, a Washington limited liability company,<br><br>  Defendant. | Case No. 2:23-cv-01399-BHS<br><br>DEFENDANT APTIBYTE, LLC'S REPLY IN SUPPORT OF MOTION FOR FEES AND A STAY PURSUANT TO FED. R. CIV. P. 41(d)<br><br>NOTE ON MOTION CALENDAR:<br>October 20, 2023 |

REPLY IN SUPPORT OF MOTION FOR FEES AND A STAY PURSUANT TO FED. R. CIV. P. 41(d)
(Case No. 2:23-cv-01399-BHS)

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

**TABLE OF CONTENTS**

DISCUSSION ........................................................................................................................ 1

I.   Attorneys' Fees are Recoverable Under Rule 41(d) .......................................... 1

II.  Safety Star's Explanation for Filing 3 Complaints and 2 Lawsuits Rings Hollow ............ 2

III. The Requested Fees are Reasonable in Light of Safety Star's Conduct............................ 3

   A.   Safety Star's Opinions Regarding the Reusability of Work From *SS I* Do Not Warrant Denying Aptibyte's Fee Request ....................................... 3

   B.   Aptibyte's Fees are Reasonable and Safety Star Has Not Shown Otherwise......... 4

IV.  Safety Star Does Not Show That a Stay Would Cause Any Prejudice............................... 6

CONCLUSION..................................................................................................................... 6

REPLY IN SUPPORT OF MOTION FOR FEES AND
A STAY PURSUANT TO FED. R. CIV. P. 41(d)
(Case No. 2:23-cv-01399-BHS) – i

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

# TABLE OF AUTHORITIES

**Cases**

*Dammeier v. Home Depot U.S.A., Inc.*, No. 16-5481 RJB,
    2016 U.S. Dist. LEXIS 126632 (W.D. Wash. Sept. 16, 2016) ...................................... 2, 3

*Farris v. Cox*, 508 F. Supp. 222 (N.D. Cal. 1981) ............................................................................ 5

*Henderson v. Blount*, No. C10-5433BHS,
    2010 U.S. Dist. LEXIS 95242 (W.D. Wash. Aug. 25, 2010) .............................................. 1

*Morisky v. MMAS Research LLC*, No. 2:21-CV-1301-RSM-DWC,
    2022 U.S. Dist. LEXIS 75234 (W.D. Wash. Apr. 8, 2022) ................................................. 1

*Moskowitz v. Am. Sav. Bank, F.S.B.*, 37 F.4th 538 (9th Cir. 2022) .................................................. 1

*Nielson v. Union Bank of Cal., N.A.*, No. CV 02-06942 MMM (CWx),
    2003 U.S. Dist. LEXIS 29145 (C.D. Cal. Apr. 1, 2003) ..................................................... 6

*Owen v. Hyundai Motor Am.*, No. 2:22-cv-00882-KJM-CKD,
    2023 U.S. Dist. LEXIS 43633 (E.D. Cal. Mar. 15, 2023) ............................................... 2, 3

*Simmonds v. Credit Suisse Sec. (USA) LLC*, No. C12-1937JLR,
    2013 U.S. Dist. LEXIS 17560 (W.D. Wash. Feb. 7, 2013) ................................................. 3

*Yagman v. Edmondson*, 723 F. App'x 487 (9th Cir. 2018) .............................................................. 5

**Rules and Statutes**

Fed. R. Civ. P. 41(a)(1) ................................................................................................................ 1, 6

Fed. R. Civ. P. 41(d) ............................................................................................................ 1, 2, 3, 6

Trademark Manual of Examining Procedure § 503.01(c) ................................................................ 2

REPLY IN SUPPORT OF MOTION FOR FEES AND
A STAY PURSUANT TO FED. R. CIV. P. 41(d)
(Case No. 2:23-cv-01399-BHS) – ii

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Safety Star's opposition is more notable for what it omits than what it includes. Safety Star offers an alleged excuse for its actions *after* suing Aptibyte. But absent is an explanation for its failure to confirm and document its ownership of the trademarks at issue *before* suing Aptibyte. Rather than take responsibility for its own failures, Safety Star improperly suggests that Aptibyte is somehow blameworthy for defending against Safety Star's three (flawed) complaints and two lawsuits. Nor is there merit to the contention that the requested fees are either unrecoverable under Rule 41(d) or unreasonable. This situation is of Safety Star's own making as a result of its failure to properly vet its claims before filing its first lawsuit ("*SS I*"). Safety Star must now face the consequences of its actions.

## DISCUSSION

### I.   Attorneys' Fees are Recoverable Under Rule 41(d)

Safety Star asserts that fees are unavailable under Rule 41(d) under any circumstances or are available only when the underlying statute provides, relying on the Ninth Circuit's *Moskowitz* decision. (Dkt. 18 at 8.) The Ninth Circuit did hold that fees are not available as a matter of right. *Moskowitz v. Am. Sav. Bank, F.S.B.*, 37 F.4th 538, 545 (9th Cir. 2022). But it explicitly did not "decide one way or the other" if fees were available if either the underlying statute provides or there is bad faith. *Id.* at 546.

Nor do Safety Star's cases support its assertion. In two cases, the court either did not rely on Rule 41(d) in denying fees or Rule 41(d) did not even apply. *See Morisky v. MMAS Research LLC*, No. 2:21-CV-1301-RSM-DWC, 2022 U.S. Dist. LEXIS 75234, *13-15 (W.D. Wash. Apr. 8, 2022) (recommending denial of motion for fees requested under the parties' agreement, the Copyright Act, and Rule 41(d) – without discussing the rule – apparently based on the recommended denial of the motion to dismiss); *Henderson v. Blount*, No. C10-5433BHS, 2010 U.S. Dist. LEXIS 95242, *1-3 (W.D. Wash. Aug. 25, 2010) (denying defendant's Rule 41(d) motion for fees in connection with plaintiff's Rule 41(a)(1) voluntary dismissal, as Rule 41(d) only applied in a *subsequent* action, and although court stated that Rule 41(d) "governs an award of costs, not attorney's fees," it noted that defendant was "free to seek relief" in any subsequent

REPLY IN SUPPORT OF MOTION FOR FEES AND
A STAY PURSUANT TO FED. R. CIV. P. 41(d)
(Case No. 2:23-cv-01399-BHS) – 1

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

action). In the third case Safety Star cites, the court only stated that it was not persuaded that Rule 41(d) allowed fees "in a case like this one" and noted a split in the courts on the question. *Dammeier v. Home Depot U.S.A., Inc.*, No. 16-5481 RJB, 2016 U.S. Dist. LEXIS 126632, *5 (W.D. Wash. Sept. 16, 2016).

The discussion about prevailing party fees under the Lanham Act is a red herring as the Motion does not seek such fees. Safety Star avoided a potentially adverse decision on both motions to dismiss by amending its complaint and then dismissing *SS I* before responding to either motion. Its actions deprived Aptibyte of the opportunity to seek prevailing party fees.

## II.     Safety Star's Explanation for Filing 3 Complaints and 2 Lawsuits Rings Hollow

Safety Star's explanation for its actions is that it needed time "to statutorily perfect assignments for the B-SAFE Trademarks" by "officially record[ing]" the new assignments with the USPTO. It claims that it dismissed *SS I* because it was unsure whether the recordation could be "processed" before its response to Aptibyte's second motion to dismiss was due. (Dkt. 18 at 7, 9.) That explanation rings hollow for at least three reasons.

First, Safety Star fails to show that recordation with the USPTO was necessary to "perfect" the assignments or establish its standing in either lawsuit. Recordation of a trademark assignment is "a ministerial act, and not a determination of the document's validity or of its effect on title to an application or registration." TRADEMARK MANUAL OF EXAMINING PROCEDURE § 503.01(c) (attached in Appendix A). Second, Safety Star fails to explain why recordation was critical for the *second* assignments but of no importance for the *first* assignment, which it does not claim to have ever recorded or attempted to record. Third, if recordation of the second assignments was critical to its trademark ownership and standing, why does the complaint in this second action omit any reference to them, much less their recordation?

Even accepting Safety Star's questionable explanation, it fails to satisfy Safety Star's "burden . . . to persuasively explain [its] actions." *Owen v. Hyundai Motor Am.*, No. 2:22-cv-00882-KJM-CKD, 2023 U.S. Dist. LEXIS 43633, *3 (E.D. Cal. Mar. 15, 2023). Specifically, the "recordation" explanation does not address Safety Star's failure to confirm and document its

REPLY IN SUPPORT OF MOTION FOR FEES AND
A STAY PURSUANT TO FED. R. CIV. P. 41(d)
(Case No. 2:23-cv-01399-BHS) – 2

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

purported ownership of the marks *before filing any lawsuit against Aptibyte*. That failure necessitated both of Aptibyte's motions to dismiss in *SS I* and now its defense of a second lawsuit, as well as the significant associated fees. Safety Star admits that by dismissing *SS I*, it was attempting to avoid the "significant legal costs" involved in litigating the standing issues caused by its failure to conduct basic due diligence regarding its trademark ownership before suing. (Dkt. 18 at 6.) As the defendant, Aptibyte did not have the luxury of avoiding the "significant legal costs" Safety Star caused.

Safety Star's attempt to distinguish cases awarding Rule 41(d) fees is also unavailing.

Nothing in *Owen* suggests that a Rule 41(d) fee award is limited to cases involving forum shopping. *Owen* recognized that the rule also protects against "the harassment of repeated lawsuits" and "vexatious litigation." 2023 U.S. Dist. LEXIS 43633 at *3 (internal quotation marks omitted). An attempt to gain a tactical advantage also supports a Rule 41(d) fee award. *Simmonds v. Credit Suisse Sec. (USA) LLC*, No. C12-1937 JLR, 2013 U.S. Dist. LEXIS 17560, *3 (W.D. Wash. Feb. 7, 2013). Safety Star gained a tactical advantage in dismissing *SS I* while Aptibyte's motion to dismiss the amended complaint was pending, thereby avoiding a potentially adverse decision that would have made Aptibyte the prevailing party entitled to seek fees.

Also misplaced is Safety Star's attempt to liken its avoidance of "significant legal costs" resulting from its failure to properly vet its claims to the plaintiff's actions in *Dammeier*. (Dkt. 18 at 10.) Unlike Safety Star, nothing suggested that the costs the plaintiff sought to avoid – costs of an expert for summary judgment – were caused by the plaintiff's own bad faith conduct. Additionally, unlike here, the plaintiff demonstrated an inability to pay the fees from the prior action. *Dammeier*, 2016 U.S. Dist. LEXIS 126632 at *4-5.

**III.   The Requested Fees are Reasonable in Light of Safety Star's Conduct**

    **A.   Safety Star's Opinions Regarding the Reusability of Work From *SS I* Do Not Warrant Denying Aptibyte's Fee Request**

Safety Star asserts that because Aptibyte discussed contributory trademark infringement in its motions in *SS I*, it can simply re-use that discussion for the newly alleged contributory and

REPLY IN SUPPORT OF MOTION FOR FEES AND
A STAY PURSUANT TO FED. R. CIV. P. 41(d)
(Case No. 2:23-cv-01399-BHS) – 3

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

vicarious infringement claims. (Dkt. 18 at 12.) However, the motions only discussed contributory (not vicarious) infringement to argue that Safety Star should not be permitted to amend its complaint to add such a claim. Therefore, that unpled claim was only discussed in general terms. Any future dispositive motion on the new contributory and vicarious infringement claims will require additional work directed at the new allegations and the vicarious infringement claim that were not discussed in the *SS I* motions to dismiss.

Similarly, the assertion that Aptibyte can simply re-use the discussion of standing ignores the ever-changing nature of Safety Star's standing claims. In the original complaint, it claimed to own the marks, although its complaint indicated that an individual owned at least one of them. After Aptibyte pointed out the flawed ownership allegation, Safety Star created a trademark assignment and amended its complaint to allege standing based on that assignment. Aptibyte was then forced to address the lack of standing based on the backdated assignment.

In this case, Safety Star has reverted to claiming ownership without reference to *any* assignment, although its complaint still shows that an individual owns one of the marks. And despite claiming that it was critical for Safety Star to record the two new assignments, the complaint makes no mention of them. Also, in its opposition, Safety Star alludes to yet another purported basis for standing – a "cognizable interest" in the marks. (Dkt. 18 at 6.) Thus, Safety Star's alleged basis for standing is a constantly moving target that continually requires additional work from Aptibyte.

Aptibyte also incurred fees in moving to dismiss the meritless state law claims in *SS I*, work that is not reusable in this case as Safety Star abandoned those claims.

**B.     Aptibyte's Fees are Reasonable and Safety Star Has Not Shown Otherwise**

Safety Star's attacks on the reasonableness of the requested fees are meritless.

The assertion that the fees are unreasonable for "a case that never progressed past the pleading stage" (Dkt. 18 at 14) is remarkable given that any lack of progression was due to Safety Star's own acts and omissions.

Similarly unavailing is the assertion that the fees are unreasonable because "these types

REPLY IN SUPPORT OF MOTION FOR FEES AND
A STAY PURSUANT TO FED. R. CIV. P. 41(d)
(Case No. 2:23-cv-01399-BHS) – 4

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

of motions should be relatively routine for Aptibyte's counsel." (*Id.*) It is true that, as a general matter, counsel is familiar with motions to dismiss. But that says nothing about the time required to address the specific issues raised by the allegations and claims in a particular case. That is particularly true where, as here, the extensive work is caused by plaintiff's failure to vet its claims before suing.

Nor is there support for Safety Star's assertion that Aptibyte's motions to dismiss were "redundant and needlessly lengthy." (*Id.*) Both motions were under the word limit for dispositive motions. And the length was dictated by the numerous defects in Safety Star's complaints, including its shifting grounds for standing. The accusation that Aptibyte's counsel inflated the fees in connection with the motion to dismiss the amended complaint is similarly unsupported. (*Id.*) In that motion, Aptibyte had to address Safety Star's newly created assignment and new allegations.

Equally meritless is Safety Star's attempt to equate the use of five attorneys in one case to Aptibyte's use of two attorneys and a paralegal in *SS I*. (Dkt. 18 at 14-15.) Even ignoring that Safety Star also had two attorneys in *SS I*, two attorneys is significantly less than five in this context and Safety Star does not show that there was any duplicative work.

Even if the Court were to reduce the fees awarded, Safety Star fails to justify denying the award of *any* fees. First, as shown in this Motion, the requested fees are reasonable given Safety Star's acts and omissions. Second, none of Safety Star's cases demonstrate that fees should be denied entirely. In *Yagman v. Edmondson*, the opinion suggests that the defendant failed to provide evidentiary support for the fees. 723 F. App'x 487 (9th Cir. 2018). Here, Aptibyte supported its request with detailed descriptions of the work performed and the hours spent and supporting authority for the hourly rates charged. (Dkt. 16 at 13-14.) Safety Star misleadingly suggests that the court in *Farris v. Cox* denied *any* award of fees. 508 F. Supp. 222, 227 (N.D. Cal. 1981). However, the court only denied fees for preparing the fee petition but awarded other requested fees. *Id.* at 227, 229 (denying fees for 76.1 hours just for preparing the fee petition, more than the total hours Aptibyte was billed in *SS I* for far more work).

REPLY IN SUPPORT OF MOTION FOR FEES AND
A STAY PURSUANT TO FED. R. CIV. P. 41(d)
(Case No. 2:23-cv-01399-BHS) – 5

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

### IV. Safety Star Does Not Show That a Stay Would Cause Any Prejudice

As Safety Star states that it will comply with an order requiring payment of Aptibyte's fees, a stay will not prejudice it; but a stay will ensure Aptibyte is not forced to incur additional fees in this action until Safety Star complies.

### CONCLUSION

This situation is of Safety Star's own making. Safety Star filed its original complaint in *SS I* without confirming and documenting its claimed ownership of the trademarks at issue. After Aptibyte addressed Safety Star's lack of standing, it created a trademark assignment that it now admits was backdated. And after Aptibyte then addressed the flawed assignment, Safety Star created yet more assignments before dismissing *SS I* and quickly suing Aptibyte again.

Safety Star was "free to file a proper notice of dismissal" of *SS I* under Rule 41(a)(1). (Dkt. 18 at 13.) However, Aptibyte is equally free to seek fees under Rule 41(d) "for unnecessary expenditures incurred in defending the same claims." *Nielson v. Union Bank of Cal., N.A.*, No. CV 02-06942 MMM (CWx), 2003 U.S. Dist. LEXIS 29145, *14 (C.D. Cal. Apr. 1, 2003).

Dated this 20th day of October, 2023.  Respectfully submitted,

FOCAL PLLC

By: *s/ Stacia N. Lay*
*s/ Randall H. Moeller*
Stacia N. Lay, WSBA #30594
Randall H. Moeller, WSBA #21094
900 1st Avenue S., Suite 201
Seattle, Washington 98134
Tel: (206) 529-4827
Fax: (206) 260-3966
Email: stacia@focallaw.com
Email: randall@focallaw.com

Attorneys for Defendant Aptibyte, LLC

### WORD LIMIT CERTIFICATION

I certify that this memorandum contains 2,085 words, in compliance with the Local Civil Rules.

REPLY IN SUPPORT OF MOTION FOR FEES AND
A STAY PURSUANT TO FED. R. CIV. P. 41(d)
(Case No. 2:23-cv-01399-BHS) – 6

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

By: *s/ Stacia N. Lay*
Stacia N. Lay, WSBA #30594

REPLY IN SUPPORT OF MOTION FOR FEES AND
A STAY PURSUANT TO FED. R. CIV. P. 41(d)
(Case No. 2:23-cv-01399-BHS) – 7

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966