UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAFETY STAR LLC,

        Plaintiff,

  v.

APTIBYTE LLC,

        Defendant.

CASE NO. 2:23-cv-01399-BHS

ORDER

THIS MATTER is before the Court on defendant Aptibyte LLC's motion for fees and a stay pursuant to Federal Rule of Civil Procedure 41(d). Dkt. 16.

In May 2023, Plaintiff Safety Star LLC sued Aptibyte for trademark infringement in this District. *See Safety Star v. Aptibyte*, No. 23-cv-5440 DGE ("*Safety Star I*"). Aptibyte moved to dismiss, asserting that Safety Star could not plausibly allege that it owned at least one of the marks at issue. It argued that Safety Star did not have standing to assert a trademark infringement claim. *Safety Star I* at Dkt. 14. In response, Safety Star filed an amended complaint. *Id.* at Dkt. 15. Aptibyte promptly and properly withdrew its motion to dismiss. *Id.* at Dkt. 17.

ORDER - 1

Ten days later, Aptibyte filed a renewed motion to dismiss. *Id*. at Dkt. 18. It argued that Safety Star had implausibly created a new, "backdated" trademark assignment in a futile (and perhaps dishonest) effort to remedy its lack of standing. *Id*. Instead of responding to the motion, Safety Star filed a Rule 41(a)(1)(A)(i) notice of voluntary dismissal. *Id*. at Dkt. 19. Chief Judge David G. Estudillo dismissed the case without prejudice and without costs in August 2023. *Id*. at Dkt. 20.

A month later, Safety Star filed this substantially similar trademark infringement case, deleting any reference to a trademark assignment. Dkt. 1.

Aptibyte asserts that Safety Star's litigation tactics are harassing and vexatious, and that its filings are in bad faith. It seeks under Rule 41(d) the $36,000 in attorneys' fees it incurred in the first case. Dkt. 16 at 8. It also asks the Court to stay this case until Safety Star pays those fees. *Id*. at 12.

Aptibyte argues that the plain language of Rule 41(d) does not allow an award of attorneys' fees as "costs," that it has not acted in bad faith, that the work done in the earlier case will be useful in this case, and that the fees sought are unreasonable. Dkt. 18.

## I.    DISCUSSION

Aptibyte correctly articulates the Rule 41(d) standard, its purpose, and its application. Dkt. 16 at 7. When a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court has discretion to (1) order the plaintiff to pay all or part of the costs of the previous action, and (2) to stay the second case until the plaintiff has done so. Rule 41(d). It is intended to prevent attempts to gain a tactical advantage by dismissing and re-filing the

suit. *Simmonds v. Credit Suisse Sec. (USA) LLC*, No. C12-1937JLR, 2013 WL 501884, *3 (W.D. Wash. Feb. 7, 2013). Rule 41(d) may apply where there is evidence of forum shopping, or of an effort to avoid an unfavorable ruling. *Id*. at *2.

Aptibyte argues that Safety Star is liable for costs under this standard, and that those costs can and in this case should include an award of attorneys' fees. The cases are virtually identical, except for Safety Star's evolving and perhaps inconsistent positions on whether and how it owns the marks. It dismissed in the face of a second substantive motion to dismiss, demonstrating an effort to gain a tactical advantage by dismissing, rather than having to defend the motion. Aptibyte argues that Safety Star was facing imminent dismissal for lack of standing when it voluntarily dismissed; its case was "vulnerable." Dkt. 16 at 8.

The Court notes that Safety Star curiously filed this second case in the Seattle Division of the Western District of Washington, rather than Tacoma (where it filed the first time, and where venue is proper), which suggests forum shopping. Aptibyte argues that Safety Star has acted in bad faith, or at least acted to gain a tactical advantage. It also argues that the underlying substantive state (the Lanham Act) provides for attorneys' fees to the prevailing party. It acknowledges that the text of Rule 41(d) does not expressly contemplate an award of attorney's fees, and that the Ninth Circuit recently held that Rule 41(d) does not provide for an award of fees as a matter of right. Dkt. 16 at 8 (citing *Moskowitz v. American Savings Bank, F.S.B.*, 37 F.4th 538 (9th Cir. 2022)). It points out that even after *Moskowitz*, courts in this Circuit have awarded fees under that Rule in

similar circumstances. Dkt. 16 at 8 (citing *Owen v. Hyundai Motor America*, No. 2:22-cv-00882-KJM-CKD, 2023 WL 2529782, *3 (E.D. Cal. Mar. 15, 2023)).

*Moskowitz* surveyed the law of other Circuits, noting that some allow fees under Rule 41(d) as of right, some do not permit fees under any circumstances, and others permit an award of attorneys' fees as costs under Rule 41(d) where there is evidence of bad faith, or where the underlying substantive statute permits such an award. *Moskowitz*, 37 F.4th at 543–545. It declined to address the availability of fees in the latter two situations, but instead simply rejected the claim that Rule 41(d) permits an award of fees as a matter of right. *Id*. at 546.

The Court agrees that this case is like *Simmonds*, *Owen*, and other authority in this Circuit holding that fees may be awarded under Rule 41(d) where there is evidence of bad faith or dismissal to gain a tactical advantage, or where the underlying substantive statue permits an award of fees. It agrees that *Moskowitz* could have, but did not, foreclose such an award. Safety Star chose to voluntarily dismiss rather than have the court dismiss its claim for lack of standing—a dismissal that would have permitted Aptibyte to seek its fees as the prevailing party under the Lanham Act.

Safety Star denies that it dismissed to gain any tactical advantage, and argues that the Lanham Act only permits fees to the prevailing party, which Aptibyte is not. Dkt. 18 at 9. The latter argument is not persuasive. The Court is unaware of any "underlying substantive statute" which provides for an award of fees to a party who has *not* prevailed.

Nor is the Court persuaded that Safety Star voluntarily dismissed its first case for other than tactical reasons. It argues that it had to "perfect" its assignments, to establish

ORDER - 4

its standing. Dkt. 18 at 6–7. This seems to concede Aptibyte's argument in *Safety Star I*, that Safety Star did not have standing when it sued, and it did not have standing when it filed its amended complaint. It appears that Safety Star was concerned the Court was likely to grant Aptibyte's motion to dismiss, leaving it exposed to fees under the Lanham Act. As Aptibyte points out, it was incumbent upon Safety Start to have standing when it sued.

The Court concludes that Aptibyte is entitled to its costs, including an award of attorneys' fees under Rule 41(d), both because it acted to gain a tactical advantage and because the Lanham Act provides for an award of fees. It is likely that some of the work performed in drafting the two unresolved motions to dismiss in *Safety Star I* will be of some value in this case, but that does not alter the conclusion that, for tactical reasons, Safety Star dismissed its case to buy time to obtain standing, rather than address Aptibyte's motions. The Court rejects the claim that $36,000 for filing two motions to dismiss is unreasonable. It will note that the briefing on this motion likely exceeded that sum, making it doubtful that the exercise was economical.

Aptibyte's motion for attorneys' fees under Rule 41(d) is **GRANTED**. The Court will award Aptibyte **$18,000** in fees. It should be paid within 30 days.

Aptibyte has not demonstrated why the case should be stayed pending the payment of this award. If the fees are not paid, Aptibyte may renew its request for a stay. For now, Aptibyte's motion for a stay is **DENIED**.

**IT IS SO ORDERED**.

//

1   Dated this 18th day of March, 2024.

_____
BENJAMIN H. SETTLE
United States District Judge