HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAFETY STAR, LLC, a Missouri limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>APTIBYTE, LLC, a Washington limited liability company,<br><br>    Defendant. | Case No. 2:23-cv-01399-BHS<br><br>DEFENDANT APTIBYTE, LLC'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)<br><br>NOTE ON MOTION CALENDAR:<br>May 3, 2024 |

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)
(Case No. 2:23-cv-01399-BHS)

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

**TABLE OF CONTENTS**

DISCUSSION ................................................................................................................................ 1

I.     Plaintiff Improperly Relies on Alleged Facts Outside The Complaint .............................. 1

II.    Plaintiff Concedes That It Has Not Established Standing Under Section 1114 ................ 2

III.   Plaintiff's Trademark Claims Fail As A Matter Of Law ..................................................... 4

      A.     Commercial Use Is An Essential Element Of Plaintiff's Claims ........................... 4

      B.     The C&D Letter Does Not Save The Contributory Infringement Claim ................ 7

IV.   Plaintiff Essentially Concedes Its Vicarious Infringement Claim Is Meritless .................. 8

V.    Plaintiff Should Not Be Permitted A Fourth Futile Complaint .......................................... 9

CONCLUSION ........................................................................................................................... 11

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT
ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)
(Case No. 2:23-cv-01399-BHS) – i

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

# TABLE OF AUTHORITIES

**<u>Cases</u>**

*Amazon.com Servs. LLC v. Paradigm Clinical Rsch. Inst., Inc.*,
   631 F. Supp. 3d 950 (W.D. Wash. 2022).................................................................. 1

*Anderson v. Kimberly-Clark Corp.*, No. C12-1979RAJ,
   2013 U.S. Dist. LEXIS 188222 (W.D. Wash. Sept. 25, 2013).......................................... 1

*Ascon Prop., Inc. v. Mobile Oil Co.*, 866 F.2d 1149 (9th Cir. 1989)....................................... 9, 10

*Au-Tomotive Gold, Inc. v. Volkswagen of Am., Inc.*, 457 F.3d 1062 (9th Cir. 2006) ..................... 4

*Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672 (9th Cir. 2005)....................................... 4

*Bucher Aerospace Corp. v. Bombardier Aerospace Corp.*, No. 22-cv-1238,
   2023 U.S. Dist. LEXIS 118224 (W.D. Wash. July 10, 2023) ............................................ 6

*Cave Man Kitchens Inc. v. Caveman Foods LLC*, No. C18-273 TSZ,
   2018 U.S. Dist. LEXIS 146835 (W.D. Wash. Aug. 28, 2018) ........................................... 2

*Fidelity Fin. Corp. v. Fed. Home Loan Bank*,
   792 F.2d 1432 (9th Cir. 1986) ....................................................................... 11

*Halcyon Horizons, Inc. v. Delphi Behavioral Health Grp., LLC*, No. 17-cv-00756-JST,
   2017 U.S. Dist. LEXIS 72258 (N.D. Cal. May 11, 2017) ................................................ 3

*Hewitt v. Wells Fargo Bank*, No. 3:22-cv-05729-DGE,
   2022 U.S. Dist. LEXIS 211806 (W.D. Wash. Nov. 22, 2022) ........................................... 1

*Hibbs v. Berger*, 430 S.W.3d 296 (Mo. Ct. App. 2014) ................................................... 2

*Knature Co. v. Duc Heung Grp.*, No. CV 20-3877-DMG (AFMx),
   2021 U.S. Dist. LEXIS 127332 (C.D. Cal. Apr. 22, 2021) ............................................. 2

*Langfitt v. Pierce Cty.*, No. C21-5122 BHS, 2021
   U.S. Dist. LEXIS 165189 (W.D. Wash. Aug. 31, 2021) ................................................ 11

*Lopez v. Bonanza.com, Inc.*, No. 17 Civ. 8493 (LAP),
   2019 U.S. Dist. LEXIS 170715 (S.D.N.Y. Sept. 30, 2019)............................................. 4

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT
ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)
(Case No. 2:23-cv-01399-BHS) – ii

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

*Micro/sys, Inc. v. DRS Techs., Inc.*, No. CV 14-3441 DMG (AJWx),
    2015 U.S. Dist. LEXIS 193891 (C.D. Cal. Feb. 13, 2015) .................................................. 5
*Myser v. Tangen*, No. C14-0608JLR,
    2015 U.S. Dist. LEXIS 14030 (W.D. Wash. Feb. 5, 2015) .......................................... 9, 10
*Nat'l Licensing Ass'n, LLC v. Inland Joseph Fruit Co.*,
    361 F. Supp. 2d 1244 (E.D. Wash. 2004) ............................................................................ 3
*Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137 (9th Cir. 2011) ..... 6, 7
*Nutritech Solutions, Ltd. v. Matrix Nutrition, LLC*, No. CV 06-461-PHX-MHM,
    2007 U.S. Dist. LEXIS 35186 (D. Ariz. May 11, 2007) ............................................. 9, 10
*Spy Optic, Inc. v. Alibaba.com, Inc.*, 163 F. Supp. 3d 755 (C.D. Cal. 2015) ............................. 7, 8
*Spy Phone Labs LLC v. Google Inc.*, No. 15-cv-03756-PSG,
    2016 U.S. Dist. LEXIS 36444 (N.D. Cal. Mar. 21, 2016) ................................................... 8
*Thomas v. State Farm Mut. Auto. Ins. Co.*, No. C22-1730-JCC,
    2023 U.S. Dist. LEXIS 49836 (W.D. Wash. Mar. 23, 2023) .............................................. 9
*Y.Y.G.M. SA v. Redbubble, Inc.*, 75 F.4th 995 (9th Cir. 2023) ................................................... 7, 8

**Rules and Statutes**

15 U.S.C. § 1114 ................................................................................................................... 2, 3, 4
15 U.S.C. § 1125(a) ..................................................................................................................... 3, 4
LCR 7(b)(2) ............................................................................................................................. 2, 8, 9

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT
ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)
(Case No. 2:23-cv-01399-BHS) – iii

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Plaintiff Safety Star, LLC attempts to blame its prior attorneys for the defects in the three complaints filed in its two lawsuits against Defendant Aptibyte, LLC, asserting that it should not be "punished" for its attorneys' alleged negligence. But "punishment" is irrelevant to this Motion. The only question is a straightforward legal one—has Plaintiff stated, or can it state, a claim against Aptibyte based on alleged infringement of the "B-SAFE Trademarks"? The answer to that question is no, as Aptibyte has repeatedly demonstrated in each of its three dispositive motions filed over the course of Plaintiff's two lawsuits. Therefore, the Complaint should be dismissed – with prejudice – and judgment should be entered in Aptibyte's favor.

## DISCUSSION

### I.   Plaintiff Improperly Relies On Alleged Facts Outside The Complaint

In its response, Plaintiff offers new allegations and evidence via the Declaration of Albert Culbertson that are not in its Complaint. (*See, e.g.*, Dkt. 31 at ¶¶ 2-8, 13.) But on this Motion, the Court generally "cannot consider evidence beyond the four corners of the complaint[.]" *Anderson v. Kimberly-Clark Corp.*, No. C12-1979RAJ, 2013 U.S. Dist. LEXIS 188222, *4 (W.D. Wash. Sept. 25, 2013). Although it may consider documents that are subject to judicial notice, *id.*, Plaintiff only requested judicial notice of the Missouri Secretary of State documents (Dkt. 30 at 6 n.1). Nor could it properly request judicial notice of most, if not all, of the new allegations and materials. *See, e.g.*, *Amazon.com Servs. LLC v. Paradigm Clinical Rsch. Inst., Inc.*, 631 F. Supp. 3d 950, 962 (W.D. Wash. 2022) ("Private corporate websites, particularly when describing their own business, generally are not the sorts of sources whose accuracy cannot reasonably be questioned [for purposes of judicial notice].").

Some of the new allegations are also inconsistent with those in the Complaint or materials that may be judicially noticed, and therefore should not be accepted as true even were the Court to consider them. *See, e.g.*, *Hewitt v. Wells Fargo Bank*, No. 3:22-cv-05729-DGE, 2022 U.S. Dist. LEXIS 211806, *8 (W.D. Wash. Nov. 22, 2022). For example, although Plaintiff alleges that Culbertson was the "original applicant" and "initial owner" of the registrations

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT
ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)
(Case No. 2:23-cv-01399-BHS) – 1

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

(Dkt. 30 at 7, 14; Dkt. 31 at ¶ 10), USPTO records[1] reflect that Safety Star filed the BSAFE BINGO application, representing that it was the mark owner (Dkt. 23-7). But even assuming Culbertson is Plaintiff's sole member or owner, "business entities . . . are regarded as wholly and separate legal entities, distinct from the members or owners who compose [them]." *Hibbs v. Berger*, 430 S.W.3d 296, 306 (Mo. Ct. App. 2014); *see also Knature Co. v. Duc Heung Grp.*, No. CV 20-3877-DMG (AFMx), 2021 U.S. Dist. LEXIS 127332, *11-13 (C.D. Cal. Apr. 22, 2021) (fact that an individual was the sole owner of a corporation was not sufficient proof that a trademark license with that owner was conferred to the corporation).

## II.      Plaintiff Concedes That It Has Not Established Standing Under Section 1114

Plaintiff admits there are significant issues with its two assignments[2] but contends that it can correct those issues if permitted to amend or "refile" its Section 1114 claims. (Dkt. 30 at 9-10, 20.) But even if it could belatedly create a valid assignment to document an alleged prior oral assignment, that would not save the Section 1114 claims.

To have standing for a Section 1114 claim, Plaintiff must be the "registrant" of the mark. 15 U.S.C. § 1114. However, as Plaintiff acknowledges, it must have standing at the time its lawsuit is filed, a backdated assignment created later is insufficient. *See Cave Man Kitchens Inc. v. Caveman Foods LLC*, No. C18-273 TSZ, 2018 U.S. Dist. LEXIS 146835, *2-4 (W.D. Wash. Aug. 28, 2018). Due to the invalidity of the three *nunc pro tunc* assignments, Plaintiff apparently concedes that it did not have standing for its Section 1114 claims at the time it filed this second lawsuit. Therefore, those claims should be dismissed.[3]

Nor should Plaintiff be permitted to file a fourth complaint to assert standing based on the new theory that it was the "exclusive licensee" of the marks. (Dkt. 30 at 19-20.) The Ninth

---

[1] Aptibyte has requested that the Court take judicial notice of USPTO records for the marks. (Dkt. 24.) Plaintiff did not respond to that request which should be construed as an admission that it is proper. *See* LCR 7(b)(2).

[2] It has actually created three alleged assignments. (Dkt. 17 at ¶¶ 6, 13, Exs. 4, 7.)

[3] This standing defect also applies to the contributory infringement claim to the extent it is based on Plaintiff's alleged status as the "registrant" of the marks.

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT
ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)
(Case No. 2:23-cv-01399-BHS) – 2

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Circuit has not decided whether an exclusive licensee has standing under Section 1114. *Halcyon Horizons, Inc. v. Delphi Behavioral Health Grp., LLC*, No. 17-cv-00756-JST, 2017 U.S. Dist. LEXIS 72258, *8 (N.D. Cal. May 11, 2017). However, district courts within the circuit have concluded that exclusive licensees may have standing. But courts "taking this more lenient approach" have concluded that standing "can only exist where the licensing agreement both grants an exclusive license and grants to the exclusive licensee a property interest in the trademark, or rights that amount to those of an assignee." *Id.* (internal quotation marks omitted).

But as Plaintiff appears to admit (Dkt. 30 at 20), it has not alleged that a license gave it rights to the marks or to enforce them. To the contrary, (1) in each of its three complaints, Plaintiff alleged it was the *owner* of the marks (Dkt. 1 at ¶ 16; Dkt. 23-1 at ¶ 16; Dkt. 23-2 at ¶ 16); (2) it alleged that the assignments it created were based on Culbertson's alleged earlier oral assignment to Plaintiff of *ownership* of the marks (Dkts. 17-4, 17-7; Dkt. 19 at ¶¶ 2-6; Dkt. 23-2 at ¶ 18); and (3) Plaintiff represented to the USPTO that it was the *owner* of BSAFE BINGO in June 2018 and of both marks in September 2023 (Dkts. 23-3, 23-7). Thus, Plaintiff has never alleged it *licensed* the marks from Culbertson.

A broader class of plaintiffs can have standing to assert Section 1125(a) claims if they have a "commercial interest" in a valid mark that is "likely to be damaged." *Nat'l Licensing Ass'n, LLC v. Inland Joseph Fruit Co.*, 361 F. Supp. 2d 1244, 1256 (E.D. Wash. 2004). However, the Complaint is too vague to establish this standard given its conflation of the two alleged marks and its confusion as to whether Plaintiff claims to be the owner of the marks or a licensee of the marks' owner (Culbertson). Culbertson also appears to contradict Plaintiff's allegations, adding further confusion. For example, Plaintiff relies on its allegation that it has sold the "B-SAFE Bingo Program" since at least 1992 in support of its claimed commercial interest in the marks. (Dkt. 30 at 12.) But Culbertson states that he sold safety bingo cards under the d/b/a "Safety Concepts" from 1992 to 2002. (Dkt. 31 at ¶ 5.) Also, Plaintiff's allegations of harm (Dkt. 30 at 12) are legal conclusions and/or naked assertions unsupported by factual allegations. *See Nat'l Licensing*, 361 F. Supp. 2d at 1256 (noting that the plaintiff only made

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT
ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)
(Case No. 2:23-cv-01399-BHS) – 3

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

"general allegations that the false designation has and will continue to cause [it] damages").

In any event, Plaintiff's ability to establish standing under Sections 1114 or 1125(a) is irrelevant because all of the claims fail on their own merit as a matter of law.

### III.     Plaintiff's Trademark Claims Fail As A Matter Of Law

Even assuming Plaintiff could remedy its standing defects, all of its claims fail as a matter of law because it does not and cannot plead essential elements of the claims.

#### A.     Commercial Use Is An Essential Element Of Plaintiff's Claims

Aptibyte has demonstrated that (1) commercial use of the marks is an essential element of Plaintiffs' claims and (2) Plaintiff does not and cannot show such use by Aptibyte or its website users. Plaintiff has not refuted either point and therefore its claims should be dismissed as a matter of law.

Plaintiff first incorrectly asserts that Aptibyte does not "refute that a likelihood of confusion exists[.]" (Dkt. 30 at 15.) Aptibyte does not address likelihood of confusion not because it concedes the issue, but rather because it is irrelevant due to Plaintiff's inability to establish the necessary prerequisite of commercial use of the marks. "[U]se must be decided as a threshold matter because, while any number of activities may be 'in commerce' or create a likelihood of confusion, ***no such activity is actionable under the Lanham Act absent the 'use' of a trademark***." *Lopez v. Bonanza.com, Inc.*, No. 17 Civ. 8493 (LAP), 2019 U.S. Dist. LEXIS 170715, *14-15 (S.D.N.Y. Sept. 30, 2019) (internal quotation marks omitted and emphasis added). Plaintiff also asserts that use of a trademark need not be "strictly source-identifying." (Dkt. 30 at 15.) But the "principal role of trademark law is to ensure that consumers are able to identify the source of goods." *Au-Tomotive Gold, Inc. v. Volkswagen of Am., Inc.*, 457 F.3d 1062, 1067 (9th Cir. 2006). In any event, Plaintiff does not refute that "trademark infringement law prevents only unauthorized uses of a trademark in connection with a commercial transaction in which the trademark is being used to confuse potential consumers." *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 676 (9th Cir. 2005). Regardless of the theory on which the trademark claim is based, the commercial use element remains the same. Plaintiff has not demonstrated

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT
ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)
(Case No. 2:23-cv-01399-BHS) – 4

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

otherwise. The only two arguments Plaintiff offers cannot save its claims.

First, Plaintiff contends Aptibyte has "directly retained [allegedly] infringing bingo cards" on its website. (Dkt. 30 at 16.) By "retained," it presumably means "hosts" the user-created bingo cards. But Plaintiff fails to offer any plausible allegations or legal authority to show that simply hosting allegedly infringing bingo cards created by website users constitutes use of a mark in connection with the sale of goods or services. Plaintiff fails to address the other cases cited by Aptibyte where the courts found that plaintiffs failed to state infringement claims against platforms that hosted allegedly infringing content or products of their users. (Dkt. 22 at 20-21 (citing cases).)

Plaintiff acknowledges that "users of Bingobaker.com can make bingo cards" but then makes the naked assertion that the Complaint's exhibits show examples of Aptibyte's "usage of" the marks "directly on its site." (Dkt. 30 at 16.) Such naked and contradictory assertions are not entitled to be taken as true. Plaintiff admits that the bingo cards allegedly using the marks are created by website users but then points to those user-generated cards as purported evidence of *Aptibyte's* direct "usage" of the marks. In any event, Plaintiff has not plausibly alleged that either the users who created the bingo cards or Aptibyte have used "bsafe" in connection with the sale of goods or services. At most, it has alleged that users have created bingo cards that use the term "bsafe" on, or as the theme of, the cards. But simple use of a term, unconnected to an actual or proposed commercial transaction, does not state a trademark claim. *See Micro/sys, Inc. v. DRS Techs., Inc.*, No. CV 14-3441 DMG (AJWx), 2015 U.S. Dist. LEXIS 193891, *15-16 (C.D. Cal. Feb. 13, 2015) (noting that where the use clearly was not "commercial" the "interests of the Lanham Act are not implicated, as the mark was not being used to confuse potential consumers") (internal quotation marks omitted).

Second, the assertion that Aptibyte "directly tagged, or embedded" the term "bsafe" in meta tags and/or used it as a search keyword likewise does not save the claims. (Dkt. 30 at 16.) The assertion that Aptibyte "directly" tagged the term for search engine purposes is contradicted by the screenshot from the Bingo Baker website attached to the Complaint. That screenshot

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT
ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)
(Case No. 2:23-cv-01399-BHS) – 5

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

shows that users – not Aptibyte – determine whether their bingo card creations are indexed by search engines. The "Privacy Options" allow the users to make their cards: (1) "Public," meaning, "[a]nyone can view your card" and "[i]t will be indexed in search engines so other people can find and use it;" (2) "Hidden," meaning, "[o]nly people who know the URL can access your card, and it will **not** be indexed by search engines;" or (3) "Private" such that only the user can access the card. (Dkt. 1-1 at 8-9.) Thus, it is the users, not Aptibyte, who choose to "directly tag[]" their bingo card creations, and Plaintiff's allegation to the contrary is not entitled to the presumption of truth. *See Bucher Aerospace Corp. v. Bombardier Aerospace Corp.*, No. 22-cv-1238, 2023 U.S. Dist. LEXIS 118224, *4-5 (W.D. Wash. July 10, 2023) (allegations that conflict with exhibits attached to or relied on in the complaint need not be taken as true).

Moreover, "tagging" for search engine indexing does not inherently equate with commercial use. The alleged search results for "bsafe bingo" attached to the Complaint (Dkt. 1-1 at 32-33) merely show organic results for those terms, they do not demonstrate that the terms are being used by Aptibyte or website users to sell goods or services (*i.e.*, as a source identifier in connection with an actual or proposed commercial transaction). Culbertson's alleged Google search does not alter that fact. He alleges that he searched "safetybingo" – two generic terms that differ from the alleged marks at issue – which returned bingo card images on which Bingo Baker website users had included the term "bsafe." (Dkt. 31 at ¶ 13, Ex. H.)

The *Network Automation* case upon which Plaintiff relies involved a markedly different situation. Network Automation purchased "ActiveBatch," a trademark owned by its competitor Advanced Systems, as a keyword from Google's AdWords program (and a comparable Microsoft program). *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1142-43 (9th Cir. 2011). As a result, when users searched for "ActiveBatch" they would get both an "objective" or organic search results section that would list Advanced Systems' website and other information and a "Sponsored Links" or "Sponsored Sites" section that included Network Automation's advertisement either alone or alongside Advanced Systems' own sponsored link. *Id.* at 1143. The Ninth Circuit found that such "use of a trademark as a search engine keyword

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT
ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)
(Case No. 2:23-cv-01399-BHS) – 6

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

*that triggers the display of a competitor's advertisement*" was a "use in commerce" under the Lanham Act. *Id.* at 1144-45 (emphasis added). But here, there is and can be no plausible allegation that Aptibyte or its website users have purchased any mark owned by Plaintiff as a keyword to trigger advertisements for competitive goods or services. Similarly, in *Spy Optic*, the plaintiff alleged that defendant used plaintiff's marks in its website metadata "to group together infringing products to promote counterfeit Spy products" and "direct[] buyers to allegedly-infringing sellers" of such products. *Spy Optic, Inc. v. Alibaba.com, Inc.*, 163 F. Supp. 3d 755, 765 (C.D. Cal. 2015). There are no comparable allegations here, nor could there be as the Complaint at most alleges that website users elect whether to have their bingo card creations indexed by search engines.

Aptibyte demonstrated that Plaintiff does not and cannot show that either Aptibyte or website users made commercial use of Plaintiff's alleged marks. Plaintiff fails to refute that showing. As a result, all of its claims fail as a matter of law.

B.  **The C&D Letter Does Not Save The Contributory Infringement Claim**

Plaintiff's defense of its contributory infringement claim rests on a March 2020 cease-and-desist letter ("C&D Letter") that provided two examples of allegedly infringing bingo cards created by website users (only one of which included "bsafe" in the title of the safety-themed card (Dkt. 1-1 at 20-21)). Plaintiff then asserts that from that point forward, Aptibyte purportedly had "actual knowledge of specific instances of infringement." (Dkt. 30 at 18.)

But even assuming that the bingo card image attached to the C&D Letter constituted notice of one specific instance of infringement, such knowledge only supports a contributory infringement claim if Aptibyte did not address that specific instance. *See Y.Y.G.M. SA v. Redbubble, Inc.*, 75 F.4th 995, 1003 (9th Cir. 2023) (willful blindness for purposes of contributory infringement only "arises when a defendant was made aware that there was infringement on its site but . . . ignored that fact") (internal quotation marks omitted), *cert. denied*, 144 S. Ct. 824 (2024). Case law is clear that for contributory infringement, the defendant must have actual knowledge of specific instances of infringement AND that it failed to address

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT
ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)
(Case No. 2:23-cv-01399-BHS) – 7

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

them. (Dkt. 22 at 22-24 (citing cases).) Plaintiff does not allege that Aptibyte failed to take any action with respect to the one user-created bingo card attached to the C&D Letter, nor could it make such an allegation in good faith. Thus, *Spy Optic* does not assist Plaintiff as in that case, the plaintiff alleged that it notified Alibaba of a specific, named infringer but Alibaba permitted that infringer "to continue to use its websites to post multiple infringing products[.]" 163 F. Supp. 3d at 766.

Moreover, "[n]otice of certain acts of infringements does not imply generalized knowledge of – and liability for – others." *Spy Phone Labs LLC v. Google Inc.*, No. 15-cv-03756-PSG, 2016 U.S. Dist. LEXIS 36444, *9 (N.D. Cal. Mar. 21, 2016). Therefore, even assuming for argument purposes that Plaintiff (1) sufficiently identified an instance of allegedly infringing use of "bsafe" to give Aptibyte the required "specific knowledge" *and* (2) had alleged that Aptibyte failed to address that single instance, any such purported knowledge does not demonstrate knowledge of or liability for other instances of alleged infringement. *See Y.Y.G.M.*, 75 F.4th at 1003 (any alleged duty to stop infringement "only covers specific instances of infringement the defendant knows or has reason to know about"). To the extent Plaintiff asserts that Aptibyte has an affirmative duty to search out alleged infringements, the law does not impose such duty. *See id.* at 1002-1003.

Therefore, as Aptibyte has shown (*see* Dkt. 22 at 21-24), Plaintiff does not and cannot state a claim for contributory infringement against Aptibyte.

**IV.     Plaintiff Essentially Concedes Its Vicarious Infringement Claim Is Meritless**

In its Motion, Aptibyte demonstrated that (1) Plaintiff's vicarious infringement claim was devoid of any supporting factual allegations and (2) Plaintiff could not plausibly allege any facts to establish the necessary elements of that claim. (Dkt. 22 at 24-26.) Plaintiff offers no defense of the claim, instead asserting that it plans to "remove" it. (Dkt. 30 at 19.) By failing to respond to Aptibyte's showing that the claim fails as a matter of law, Plaintiff effectively concedes the merits of Aptibyte's argument for dismissal. *See* LCR 7(b)(2) (excluding summary judgment motions, court may consider failure to oppose a motion "as an admission that the motion has

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT
ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)
(Case No. 2:23-cv-01399-BHS) – 8

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

merit"); *Thomas v. State Farm Mut. Auto. Ins. Co.*, No. C22-1730-JCC, 2023 U.S. Dist. LEXIS 49836, *4-5 (W.D. Wash. Mar. 23, 2023) (LCR 7(b)(2) "applies to the failure to respond to individual claims in a motion to dismiss"). Therefore, because Aptibyte made an unchallenged showing that the vicarious infringement claim fails to state any plausible claim for relief, that claim should be dismissed with prejudice.

V.  **Plaintiff Should Not Be Permitted A Fourth Futile Complaint**

Plaintiff's request to file a fourth complaint against Aptibyte should be denied.

None of the deficiencies in Plaintiff's latest Complaint are new. In the first lawsuit, Aptibyte filed two motions to dismiss that raised (1) the same issues with standing and the first defective assignment and (2) the same substantive deficiencies in Plaintiff's claims.[4] (Dkt. 17 at ¶¶ 4, 8, Exs. 2, 5.) Aptibyte also demonstrated why Plaintiff could not state a contributory infringement claim even though its first two complaints did not contain such a claim. (Dkt. 17-2 at 23-25; Dkt. 17-5 at 25-27.) Plaintiff cannot use the purported negligence of its prior attorneys as an excuse—an attorney does not require knowledge about the "nuances" of trademark litigation (Dkt. 30 at 5) to address fundamental issues such as standing (which applies to all litigation) or the basic elements of the claims. That the *Safety Star I* Court did not get the opportunity to rule on Aptibyte's two motions to dismiss does not alter this conclusion where Plaintiff itself concedes that its pleadings have been deficient. Its repeated failure to correct known deficiencies in its complaints strongly counsels against granting leave to file a fourth complaint. *See Ascon Prop., Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989); *see also Myser v. Tangen*, No. C14-0608JLR, 2015 U.S. Dist. LEXIS 14030, *18-20 (W.D. Wash. Feb. 5, 2015) (dismissing without leave to amend where the "amended complaint replicates the original complaint's deficiencies"), *aff'd*, 671 F. App'x 1006 (9th Cir. 2016). *Nutritech* does not alter that conclusion. There, the plaintiff was seeking leave to file a ***first*** amended complaint,

---

[4] The only new issue in the Complaint in this second lawsuit is the addition of a vicarious infringement claim. But even Plaintiff effectively concedes it cannot state such a claim.

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT
ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)
(Case No. 2:23-cv-01399-BHS) – 9

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

which differs markedly from Plaintiff's request to file a *fourth* complaint (and possibly even a third lawsuit). *Nutritech Solutions, Ltd. v. Matrix Nutrition, LLC*, No. CV 06-461-PHX-MHM, 2007 U.S. Dist. LEXIS 35186, *1, 19 (D. Ariz. May 11, 2007).

Plaintiff's failure to correct identified deficiencies has caused undue delay that has prejudiced Aptibyte. Plaintiff filed its first complaint almost a year ago, on May 15, 2023, and then an amended complaint in July 2023 after Aptibyte moved to dismiss the original complaint. (Dkt. 17 at ¶¶ 2, 4-5, Exs. 1-3.) After Aptibyte moved to dismiss the amended complaint – based on the same flaws in all of Plaintiff's complaints – Plaintiff voluntarily dismissed *Safety Star I*. (*Id.* at ¶¶ 8-9, Exs. 5-6.) It then filed this second lawsuit. (*Id.* at ¶ 10.) Thus, after three complaints and two lawsuits, and nearly a year later, Aptibyte is addressing the same fatal flaws that appeared in Plaintiff's first complaint. In the interim, Aptibyte has incurred substantial litigation costs that it, as a small business, can ill afford to dispose of claims that Plaintiff has known for some time have significant flaws. That undue and prejudicial delay is alone sufficient to deny leave to file a fourth complaint. *See Ascon*, 866 F.2d at 1160-61 (affirming denial of leave to amend where plaintiff had already amended its complaint, the lawsuit "ha[d] been delayed unduly by [plaintiff's] apparent failure to read carefully the . . . statutes under which it [was] proceeding," and defendant had "already incurred substantial litigation costs").

Additionally, even assuming for argument purposes that Plaintiff could allege standing in a fourth complaint, it does not assert that it can offer any new factual allegations to remedy the substantive deficiencies with its claims. To the contrary, the only amendments it references relate to its lack of standing. (*See, e.g.*, Dkt. 30 at 20-22.) Plaintiff's failure to identify any additional factual allegations it could make in support of its claims, combined with its failure to correct the deficiencies already noted, is "a strong indication that [Plaintiff] ha[s] no additional facts to plead." *Myser*, 2015 U.S. Dist. LEXIS 14030 at *18-19 (internal quotation marks omitted). Thus, in light of the fatal substantive deficiencies in the claims, any amendment would be futile.

Plaintiff appears to request alternatively that it be permitted to "refile" its claims. (Dkt. 30 at 5, 20, 22.) But it cites no authority for the proposition that, in response to a motion for

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT
ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)
(Case No. 2:23-cv-01399-BHS) – 10

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

1  judgment on the pleadings, it can dismiss its claims and be permitted to file a third lawsuit. The
2  prejudice to Aptibyte if Plaintiff were permitted to take such actions is manifest and substantial.

3        Three complaints and two lawsuits are more than sufficient for Plaintiff to have
4  adequately stated a claim against Aptibyte if it had any such claim (which it does not). *See*
5  *Langfitt v. Pierce Cty.*, No. C21-5122 BHS, 2021 U.S. Dist. LEXIS 165189, *8 (W.D. Wash.
6  Aug. 31, 2021) ("[W]here the facts are not in dispute, and the sole issue is whether there is
7  liability as a matter of substantive law, the court may deny leave to amend."). Plaintiff's request
8  to file a fourth complaint should be denied. *See Fidelity Fin. Corp. v. Fed. Home Loan Bank*, 792
9  F.2d 1432, 1437-38 (9th Cir. 1986) (affirming denial of leave to file a fourth amended complaint
10 where the "factual bases of the claims were known to [plaintiff] long before" and allowing
11 amendment "would impose a prejudicial burden on" defendant).

## CONCLUSION

13       The only issue presented by this Motion is whether Plaintiff has stated or can state any
14 trademark infringement claim against Aptibyte. As Aptibyte demonstrated, Plaintiff has neither
15 stated such a claim nor can it. Even assuming that Plaintiff could remedy its repeated failure to
16 adequately establish standing in a fourth complaint, any amendment would ultimately be futile as
17 its trademark claims fail as a matter of law. Moreover, Plaintiff concedes that its vicarious
18 infringement claim is without merit and should be dismissed. As a result, Plaintiff's Complaint
19 should be dismissed with prejudice, judgment should be entered in favor of Aptibyte, and this
20 matter should finally be brought to an end.

21 Dated this 3rd day of May, 2024.      Respectfully submitted,

22       FOCAL PLLC

23       By: *s/ Stacia N. Lay*
           *s/ Randall H. Moeller*
24       Stacia N. Lay, WSBA #30594
      Randall H. Moeller, WSBA #21094
25       900 1st Avenue S., Suite 201
      Seattle, Washington 98134
26       Tel: (206) 529-4827
      Fax: (206) 260-3966
27       Email: stacia@focallaw.com

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT
ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)
(Case No. 2:23-cv-01399-BHS) – 11

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Email: randall@focallaw.com

Attorneys for Defendant Aptibyte, LLC

**WORD LIMIT CERTIFICATION**

I certify that this memorandum contains 4,162 words, in compliance with the Local Civil Rules.

By: *s/ Stacia N. Lay*
Stacia N. Lay, WSBA #30594

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)
(Case No. 2:23-cv-01399-BHS) – 12

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966